(No. 56093.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appel-
lant, v. DENNIS HOLLOWAY, Appellee.

*Opinion filed October 22, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield, and L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

G. Joseph Weller, Deputy Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE CLARK delivered the opinion of the court:

On December 17, 1979, the defendant, Dennis Holloway, was charged with the alleged burglary on December 9, 1979, of a building in the care, custody and control of Charles June, in his capacity as director of the Kankakee County Housing Authority. At a bench trial in the circuit

court of Kankakee County the defendant was convicted and sentenced to a term of five years' imprisonment.

Charles June testified that the building the defendant was accused of burglarizing at 380 North Wildwood in Kankakee was divided into two portions: a day-care center in the front and a maintenance shop in the back. Mr. June indicated that the Kankakee County Housing Authority had no responsibility for the day-care center which was the part of the building burglarized. Although the housing authority owned the building, the back portion was leased to the Kankakee Community Action Program.

The defendant appealed the conviction and the appellate court reversed. The court held that the Kankakee County Housing Authority had no possessory interest in the burglarized portion of the building. (90 Ill. App. 3d 1098.) The State did not appeal that reversal of the conviction by the appellate court. Since that judgment is not before us, we are not in a position to consider the merits of that opinion. We do, however, feel it necessary to point out that since the time of that judgment we have issued our opinion in *People v. Rothermel* (1982), 88 Ill. 2d 541, in which we held that a daughter's possession of a key to her mother's house was sufficient to demonstrate an interest greater than that of the defendant and was therefore an adequate allegation of a possessory interest in an indictment for burglary.

The defendant in the case at bar was subsequently reindicted on March 23, 1981. The indictment alleged that he entered, without authority, the building in the care, custody, and control of Arementa Ervin in her capacity as supervisor of the Head Start Day Care Center, with the intent to commit a theft. The defendant moved to dismiss the indictment, and the trial court granted the dismissal.

In a Rule 23 order (73 Ill. 2d R. 23), the appellate

court affirmed the dismissal of the indictment by the trial court, holding that section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(b)(1)) barred prosecution because the defendant was previously prosecuted for the same offense based on different facts; the prior proceeding resulted in a conviction, and the subsequent prosecution was for an offense with which the defendant should have been charged on the former prosecution. (101 Ill. App. 3d 1200.) We granted the People's petition for leave to appeal, and we now reverse.

Section 3—4(b)(1) provides in pertinent part:

"(b) A prosecution is barred if the defendant was formerly prosecuted for a different offense, or for the same offense based upon different facts, if such former prosecution:

(1) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for an offense of which the defendant could have been convicted on the former prosecution; or was for an offense with which the defendant should have been charged on the former prosecution, as provided in Section 3—3 of this Code (unless the court ordered a separate trial of such charge); or was for an offense which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution, or the offense was not consummated when the former trial began." Ill. Rev. Stat. 1979, ch. 38, par. 3—4(b)(1).

To determine whether the subsequent prosecution was proper or the charge is one that should have been brought on the prior prosecution, we look to the provisions of section 3—3 of the Criminal Code of 1961. It provides:

"Sec. 3—3. Multiple Prosecutions for Same Act.

(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court,

they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act." Ill. Rev. Stat. 1979, ch. 38, par. 3—3.

The defendant contends that section 3—4(b)(1) bars prosecution on the offense of the alleged burglary of premises within the custody of Arementa Ervin because the defendant should have been charged with this offense when the former prosecution was brought. Read in conjunction with section 3—4(b)(1), section 3—3(b) indicates that if several offenses are known to exist based upon the same act, then they must be prosecuted in a single prosecution unless the court in accordance with section 3—3(c) orders that one or more of the charges be tried separately in the interest of justice.

The defendant's suggestion that the second charge should have been brought along with the first charge in a single prosecution fails to recognize that the State's Attorney did not have any knowledge that any other offense could or should have been charged when Dennis Holloway was first indicted for the alleged burglary of a building in the custody of Charles June on December 17, 1979. The day that the first indictment against Dennis Holloway was returned the State's Attorney had no reason to believe that the conduct of the defendant established any basis for the commission of any other offense. It was only subsequent to December 17 that the State's Attorney discovered that, in the opinion of the appellate court, Charles June had no possessory interest in the premises and that to charge an offense some other party, with what the appellate court would consider to be a sufficient possessory interest, would have to be named. And while the offense charged in the second indictment does involve the same conduct of the defendant on December 7, 1979, the prosecution on the second indictment requires "proof of a fact not required on the other prosecution" (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(b)(1))—that is, proof that the premises were under the control of Arementa Ervin.

The defendant cites *People v. Baker* (1979), 77 Ill. App. 3d 943, for support of his position that the burglary for which the defendant is now charged should have been joined with the first prosecution. In *People v. Baker* the appellate court affirmed the trial court's order dismissing an indictment for unlawful possession of a controlled substance. There the defendant was arrested and then searched. Following the search incident to the arrest, the defendant was charged with illegal transportation of liquor and with unlawful possession of cannabis. After pleading guilty to those charges he faced another prosecution for unlawful possession of a controlled substance. That charge was the result of pills found during the search at the time of the defendant's arrest. The trial court concluded, and the appellate court agreed, that the State's Attorney had knowledge of the possession of the pills at the time the earlier prosecution was commenced and the offense of unlawful possession of a controlled substance should have been joined with the other two offenses in the first prosecution. The circumstances in *Baker* are significantly different from the facts of the case at bar. The opinion of the appellate court in *Baker* does not lend any support to the defendant's position here.

The State's Attorney cannot be expected to join an offense in a single prosecution when he or she had no knowledge that such an offense existed at the time the original indictment was filed. We conclude that the compulsory joinder statute (Ill. Rev. Stat. 1979, ch. 38, par. 3—3) does not apply to this case.

The defendant is correct in asserting that, if one assumes that the defendant was reindicted for the same offense, the prosecution is barred by the double jeopardy clause and by section 3—4(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)(1)).

Clearly, the double jeopardy clause prevents retrial on the same charge where a reversal of the defendant's con-

viction is based upon the insufficiency of the evidence. *Tibbs v. Florida* (1982), 457 U.S. 31, 72 L. Ed. 2d 652, 102 S. Ct. 2211; *Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141; *Greene v. Massey* (1978), 437 U.S. 19, 57 L. Ed. 2d 15, 98 S. Ct. 2151.

The prosecutor is not afforded a second opportunity to supply evidence that he or she failed to produce at the first trial on the same charge. For as Justice O'Connor, writing for the majority in *Tibbs v. Florida*, has said: "This prohibition, lying at the core of the Clauses's protections, prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance." *Tibbs v. Florida* (1982), 457 U.S. 31, 41-42, 72 L. Ed. 2d 652, 661, 102 S. Ct. 2211, 2218.

However, to assume that the defendant was reindicted for the same offense in this case is to operate on a false assumption. The prosecution of Dennis Holloway for the alleged burglary of the premises in the custody of Arementa Ervin is a separate and distinct offense from the original charge alleging burglary of premises in the custody of Charles June. Proving a possessory interest in Arementa Ervin is different from proving a possessory interest in Charles June. While the second prosecution of Dennis Holloway involves the same conduct as the first prosecution did, the defendant is being charged with a separate offense that the State's Attorney had no reason to believe could have been charged in the first indictment.

Thus the State's Attorney is not barred by the double jeopardy clause or section 3—4(a)(1) (Ill. Rev. Stat. 1979, ch. 38, par. 3—4(a)(1)) from bringing prosecution on the second indictment.

The defendant also claims that the present indictment should be dismissed because of an unreasonable preindict-

ment delay that caused him substantial prejudice. Since the defendant has failed to show any prejudice, the contention is without merit. We therefore reverse the judgment of the appellate court affirming the judgment of the circuit court of Kankakee County. The indictment should not have been dismissed.

*Judgments reversed.*