THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES RUSSELL, Defendant-Appellant.

Fifth District   No. 5—87—0131

Opinion filed December 1, 1987.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CALVO delivered the opinion of the court:

Defendant, James Russell, was charged with aggravated kidnapping, and a jury trial on June 23 to 26, 1986, ended in a mistrial due to the jury's inability to reach a verdict. On November 6, 1986, an amended information was filed against defendant. Defendant filed a motion to dismiss the charges on the ground that a retrial would violate the constitutional prohibitions against double jeopardy. The circuit court denied defendant's motion and the defendant has perfected this appeal from that order pursuant to Supreme Court Rule 604(f) (107 Ill. 2d R. 604(f)). We affirm.

On appeal, defendant contends that the evidence at trial was insufficient to prove him guilty of aggravated kidnapping beyond a reasonable doubt and that a retrial would therefore violate the prohibition against double jeopardy contained in the Illinois Constitution (Ill. Const. 1970, art. I, §10). The State responds that since the first

trial did not result in a judgment of acquittal, and since defendant does not claim that the circuit court abused its discretion in discharging the jury without a verdict, there is no double jeopardy bar to a retrial. The State also asserts that, in any event, the evidence at the first trial was sufficient to convict the defendant.

In *Richardson v. United States* (1984), 468 U.S. 317, 82 L. Ed. 2d 242, 104 S. Ct. 3081, defendant was indicted and tried on three drug charges. At the close of the government's case and before the submission of the case to the jury, defendant moved for a judgment of acquittal based on the insufficiency of the evidence. The motions were denied. The jury acquitted defendant of one charge but was unable to reach a verdict on the remaining two counts. The district court declared a mistrial as to the two remaining counts and scheduled a retrial. Defendant then renewed his motion for acquittal and also asserted that a retrial would violate the double jeopardy clause of the fifth amendment. (U.S. Const., amend. V.) The motions were denied and defendant appealed. The court of appeals dismissed the appeal for lack of jurisdiction. *Richardson*, 468 U.S. at 318-19, 82 L. Ed. 2d at 246, 104 S. Ct. at 3082-83.

After rejecting the jurisdictional challenge to defendant's right to appeal, the Supreme Court addressed the merits and affirmed the district court. The Supreme Court held as follows:

> "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." *Richardson*, 468 U.S. at 326, 82 L. Ed. 2d at 251, 104 S. Ct. at 3086.

See *People v. Cole* (1982), 91 Ill. 2d 172, 175, 435 N.E.2d 490, 491 ("[I]n the absence of an abuse of discretion by the trial court when it discharges a jury because of its failure to reach a verdict, the constitutional prohibition against double jeopardy does not bar a new trial").

In *People v. Taylor* (1985), 137 Ill. App. 3d 148, 484 N.E.2d 384, defendant was retried for theft of firearms not from the person after his first trial ended in a hung jury. On appeal, defendant urged this court to review the evidence presented at his first trial. Relying on *Richardson*, this court stated:

> "As defendant's original jeopardy never terminated, he had no

valid double jeopardy claim '[r]egardless of the sufficiency of the evidence at [his] first trial.' " *Taylor*, 137 Ill. App. 3d at 150, 484 N.E.2d at 384-85, quoting *Richardson*, 468 U.S. at 326, 82 L. Ed. 2d at 251, 104 S. Ct. at 3086.

Defendant relies on language in the case of *People ex rel Daley v. Crilly* (1985), 108 Ill. 2d 301, 483 N.E.2d 1236. In *Crilly*, defendant was charged with murder and conspiracy to commit murder. Defendant's motion for a directed verdict at the close of all the evidence was denied. A jury found defendant guilty of conspiracy but was unable to reach a verdict on the murder charge. The circuit court discharged the jury but later granted defendant's renewed motion for a directed verdict and entered a judgment of acquittal on the murder charge. The State appealed, claiming that the discharge of the jury constituted a mistrial and that the circuit court could not thereafter enter a judgment of acquittal. *Crilly*, 108 Ill. 2d at 304-05, 483 N.E.2d at 1237-38.

The supreme court held that there were two concepts which warranted rejection of the State's position. First, the court noted that courts have inherent power to correct their own rulings. (108 Ill. 2d at 305, 483 N.E.2d at 1238.) Second, the court held that the constitutional protection against double jeopardy prevented a retrial (U.S. Const., amend. V; Ill. Const. 1970, art. I, §10). The court stated:

"In determining whether the defendant's double jeopardy protection is being violated, the law is indifferent as to whether the first trial ends in a guilty verdict or in a deadlocked jury. If the evidence is insufficient as a matter of law to convict in the first trial, it would still be insufficient after the second trial, for *Burks* and *Holloway* preclude the State from offering new and additional evidence in the second round. The second trial would be a useless exercise which would serve only to harass the defendant by subjecting him to needless embarrassment, expense and anxiety. Thus, the proper application of the constitutional prohibition against double jeopardy requires that, when the issue is raised by the defendant, the trial judge must decide whether the evidence was sufficient for conviction, both where the jury returned a guilty verdict and where it was unable to agree on a verdict. If the judge incorrectly decides in either instance that the evidence was sufficient, he is subject to reversal." (*Crilly*, 108 Ill. 2d at 308, 483 N.E.2d at 1239.)

The *Crilly* decision does not, however, mention the *Richardson* decision.

Since *Crilly* involved a judgment of acquittal entered by the cir-

cuit court, the last quoted sentence above is *dicta*. *Crilly* is therefore distinguishable from the case at bar and is not controlling. In the absence of a clear indication from the Illinois Supreme Court to the contrary, we will interpret the Illinois Constitution consistent with the United States Constitution. Therefore, pursuant to the decision in *Richardson*, double jeopardy does not prevent defendant's retrial.

We note that retrial is not prohibited by the statutory protection against double jeopardy. Ill. Rev. Stat. 1985, ch. 38 par. 3—4(a).

We also note that section 115—4(k) of the Code of Criminal Procedure of 1963 provides:

> "When, at the close of the State's evidence or at the close of all of the evidence, the evidence is insufficient to support a finding or verdict of guilty the court may and on motion of the defendant shall make a finding or direct the jury to return a verdict of not guilty, enter a judgment of acquittal and discharge the defendant." (Ill. Rev. Stat. 1985, ch. 38, par. 115—4(k).)

Defendant does not claim that the circuit court abused its discretion in declaring a mistrial, discharging the jury, or failing to enter a judgment of acquittal. Defendant apparently did not make a motion for directed verdict at any time before the jury was discharged. However, the circuit court did decide, in denying defendant's motion to dismiss the amended information, that the evidence at the first trial was sufficient to convict the defendant.

■ Furthermore, and in any event, we have reviewed the evidence presented at the trial and we conclude that there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt of aggravated kidnapping.

The evidence can be summarized as follows: John Feirich, a past president of the Illinois State Bar Association, had previously represented defendant in an attorney-client relationship and had achieved a settlement for the defendant from the opposing parties. Defendant testified at trial that he had researched the law and he concluded that he had been cheated out of his money. He decided to make a citizen's arrest. In June of 1985, defendant called Feirich and told him that Feirich needed to be home to receive a large package. Defendant arrived at Feirich's home in Carbondale, carrying a large box and wearing sunglasses and a large coat. Defendant told Feirich he was under citizen's arrest for stealing $6,000 from him and to get on the ground. Defendant handcuffed Feirich, placed him in defendant's car, and taped Feirich's legs together.

Defendant left a notice at a local motel for the local newspaper,

describing his "citizen's arrest," and proceeded to drive Feirich to Chicago, where defendant was arrested. Defendant called the newspaper along the way to advise it of the notice. However, the notice did not indicate where defendant was taking Feirich.

Feirich testified that when he was initially accosted by defendant, defendant brandished a long gun. Feirich was told that he was being taken out of the jurisdiction, out of his sphere of influence. Feirich testified he was forced to lie down in the backseat most of the time, out of sight. Feirich testified that he was allowed to stretch his legs for a few minutes during one of the several stops they made on the way to Chicago.

Defendant testified that he did not brandish a gun and he did not keep Feirich out of sight. No weapon was recovered from the defendant or his vehicle.

Defendant was charged with aggravated kidnapping under section 10—2(a)(5) of the Criminal Code of 1961. (Ill. Rev. Stat. 1985, ch. 38, par. 10—2(a)(5).) This required proof that defendant "knowingly *** [a]nd secretly confine[d] another against his will" and that he did so "while armed with a dangerous weapon." Ill. Rev. Stat. 1985, ch. 38, pars. 10—1(a)(1), 10—2(a)(5).

Defendant contends there was insufficient evidence that he knowingly and secretly confined Feirich, because he "maintained publicly and at all times that he was performing a citizen's arrest and would turn Feirich over to the authorities." Defendant asserts that his "intent" was to deliver Feirich to law enforcement authorities, not to knowingly and secretly confine him.

It is unnecessary for us to decide whether defendant performed a valid citizen's arrest. Even if defendant did perform a valid citizen's arrest, his conduct went far beyond that necessary to effectuate it. The evidence indicates that defendant lured Feirich home under false pretenses, disguised himself somewhat to avoid immediate detection, handcuffed the victim and bound his ankles, and transported him to Chicago. The evidence indicates that defendant took steps to prevent anyone from rescuing the victim while defendant transported him to Chicago. We believe this evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt of aggravated kidnapping.

■ Defendant also asserts that there was insufficient evidence to prove he was armed with a dangerous weapon. However, Feirich testified that defendant brandished a long gun, a rifle or shotgun. This testimony, if believed by the jury, would be sufficient to prove the requisite element necessary for aggravated kidnapping. Ill. Rev. Stat. 1985, ch. 38, par. 10—2(a)(5).

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed and this cause is remanded for further proceedings.

Affirmed and remanded.

WELCH and LEWIS, JJ., concur.