THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RALPH HARBOLD, Defendant-Appellant.

First District (5th Division)    No. 1—93—0518

Opinion filed May 20, 1994.

Michael B. Nash, of Chicago, and F. Lee Bailey, of Boston, Massachusetts, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Gael McCaughey-O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

Ralph Harbold was indicted for murder on April 4, 1981. After a jury trial defendant was convicted and sentenced to 75 years' imprisonment. The appellate court reversed the conviction and remanded the case for a new trial. Defendant was retried by jury and was found guilty again. This time he was sentenced to 70 years' imprisonment. On appeal the appellate court reversed the conviction a second time and remanded the cause for a third trial. Prior to the third trial, defendant moved to dismiss the indictment against him arguing that a third trial would violate his right to be free from multiple prosecutions and his right to due process as secured by the double jeopardy and due process clauses of the fifth and fourteenth amendments to the United States Constitution (U.S. Const., amends. V, XIV), article 1, sections 2, 8, 10 and 13, of the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 8, 10, 13), and section 3—4(a) of the Illinois Criminal Code of 1961 (720 ILCS 5/3—4(a) (West 1992)). In that motion defendant asserted that both of his trials were tainted by

prosecutorial misconduct and in the second trial the prosecutor used a highly improper final argument intended to avoid an acquittal. In both trials the misconduct included arguing without basis in the evidence that defendant killed the victim because of a romantic interest in his wife. The first time the appellate court reversed defendant's conviction it concluded based on that improper argument that the conviction was obtained through the use of incompetent evidence and "accompanying inflammatory argument." (*People v. Harbold* (1984), 124 Ill. App. 3d 363, 377, 464 N.E.2d 734, 745.) Prior to defendant's second trial, the issue of this "motive" theory arose again in a pretrial hearing. At that time the assistant State's Attorney who conducted defendant's second trial and who had assisted in the first was specifically instructed not to go into the motive theory on pain of contempt. Nonetheless, during his final closing argument in defendant's second trial, the assistant State's Attorney argued as follows:

"[Assistant State's Attorney]: The defense counsel has asked you to think about why he might have done it. Well, maybe he admired Mrs. Paul from afar.

[Defense counsel]: I object, your Honor.

THE COURT: Sustained.

[Defense counsel]: Wild speculation having no relationship to any piece of evidence, Judge.

THE COURT: Mr. Echeles, sustained.

[Assistant State's Attorney]: The evidence shows that while Mr. Paul did not share Mrs. Paul's interest in aviation, this man did. This man had involvements with Mrs. Paul financially as well as through business: He purchased airplanes from Mrs. Paul, leased them back to Mrs. Paul. They shared the hobby of collecting classic T-bird cars. They both had their cars done by Mr. Wisniewski.

After the trial, go back to your parlors and your dens and you can talk about it at the local tavern and you can satisfy yourself and maybe think about why you think he did it; but the Judge is not going to instruct you that we have to prove one iota of evidence as to why. So let's keep on the track and not be distracted by the red herring."

In addition to the motion to dismiss defendant filed another motion, based on the same grounds, alternatively seeking that the State pay the costs of his defense, including attorney fees. The trial court denied both motions after an evidentiary hearing held on September 3, 1992. At that hearing the assistant who tried defendant's second trial testified that he felt "very good" about the possibility of a conviction, that he did not want a mistrial, and that he did not intend a mistrial.

The trial court stated on the record at the hearing that it found no evidence that the prosecutor intended to provoke a mistrial when he made the improper argument and thus there was no bar to another trial. This interlocutory appeal challenges the propriety of the trial court's decision.

Defendant requests the decision of the lower court be reversed and an order dismissing the indictment be entered. Defendant makes one primary argument and two arguments in the alternative: (1) the trial court improperly denied defendant's motion to dismiss the indictment because defendant's retrial is barred by the double jeopardy doctrine (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10; 720 ILCS 5/3—4 (West 1992)); (2) the trial court improperly denied defendant's motion to dismiss the indictment because retrial is barred by defendant's due process rights (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. 1, §§ 2, 8, 13); and (3) the trial court improperly denied the defendant's motion for anticipated attorney fees and costs.

The proceedings below were had in the circuit court of Cook County. The notice of appeal was filed on October 29, 1992.

We must first address defendant's primary argument that the trial court improperly denied defendant's motion to dismiss the indictment because his retrial is barred by the doctrine of double jeopardy. The double jeopardy clause of the fifth amendment to the United States Constitution, which is enforceable against the States through the fourteenth amendment, states, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." (U.S. Const., amends. V, XIV.) Section 10 of article I of the Illinois Constitution provides the same protection. (Ill. Const. 1970, art. I, § 10.) We note at the outset that there are occasions where the defendant's valued right to have his trial concluded before the first jury impaneled is outweighed by the public's interest in fair trials designed to end in just judgments. (*Arizona v. Washington* (1978), 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824.) The constitutional protection against double jeopardy prohibiting retrial is only unequivocal following an acquittal. (*Arizona*, 434 U.S. at 503, 54 L. Ed. 2d at 726, 98 S. Ct. at 829.) A well-established strand of double jeopardy law permits retrial following appellate reversal of a conviction. (*Beringer v. Sheahan* (7th Cir. 1991), 934 F.2d 110, 114.) However, *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083, established an exception to this rule. The *Kennedy* exception provides that where prosecutorial (or judicial) misconduct was intended to goad defendant into moving for mistrial and where defendant successfully moves for mistrial, retrial is barred by the double jeopardy doctrine. In the case at bar, although the prosecutor's comments

alluding to the defendant's motive to kill the deceased were promptly objected to and sustained by the trial court, there was no motion for mistrial below. Both the defense counsel and the trial court failed to recognize any need for a mistrial. Moreover, the trial court, after an evidentiary hearing whose factual determinations are entitled to considerable deference, found no prosecutorial intent to provoke a mistrial. We cannot conclude that this finding was against the manifest weight of the evidence. Therefore, the *Kennedy* exception has not been triggered.

The Seventh Circuit Court of Appeals in *Beringer* went one step further than *Kennedy* and held that a defendant whose conviction is reversed by a reviewing court because of intentional prosecutorial misconduct but who did not move for a mistrial on that ground waives the right not to be retried for the offense. (*Beringer*, 934 F.2d 110.) Defendant in the case at bar is in the same position as *Beringer*. We must conclude based upon *Kennedy* and *Beringer* that double jeopardy is not offended by permitting retrial following appellate reversal of defendant's conviction in the case at bar. Although defendant also invokes the double jeopardy guarantee in article 1, section 10, of the Illinois Constitution, a review of Illinois case law indicates that the Illinois Supreme Court has not construed the double jeopardy protections under the Illinois Constitution to be any broader than those provided by the Federal constitution. See, *e.g., People v. Stefan* (1992), 146 Ill. 2d 324, 586 N.E.2d 1239.

In support of its first alternative argument, defendant has not cited any analogous case in this State where a trial court's denial of defendant's motion to dismiss an indictment was reversed by a reviewing court because retrial violated due process rights. Nor is defendant's second alternative argument well grounded. In fact, defendant admits he is aware of no rule, statute or precedent which provides for the relief he seeks (attorney fees and costs), nor are we.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MURRAY, P.J., and GORDON, J., concur.