THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID L. HOBBS, Defendant-Appellant.

Fourth District    No. 4—97—1121

Opinion filed December 2, 1998.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant David L. Hobbs was arrested in Champaign County on June 28, 1997, and charged with driving with a blood-alcohol concentration (BAC) of .10 or more (DUI) (625 ILCS 5/11—501(a) (West 1996)) and driving while his license was revoked (625 ILCS 5/6—303 (West 1996)). On October 8, 1997, a mistrial was declared after the jury deadlocked. A second trial on only the DUI charge was held on November 11, 1997. Again, a mistrial was declared because the jury was unable to reach a verdict. On November 13, 1997, defendant filed motions seeking (1) reconsideration of his motion for a directed verdict, (2) dismissal on the ground that there was a lack of manifest necessity for a mistrial and that retrial would violate double jeopardy principles, and (3) dismissal with prejudice on the ground that a third trial would violate his constitutional right to due process. The trial court denied his motions following a hearing on November 25, 1997. He appeals, arguing that the trial court erred when it denied his motion to dismiss and his due process rights would be violated by requiring him to stand trial a third time. We affirm.

## I. APPELLATE JURISDICTION

■ Defendant's statement of jurisdiction asserts that he brings a timely interlocutory appeal pursuant to Supreme Court Rules 602, 603, and 604(f). 134 Ill. 2d Rs. 602, 603; 145 Ill. 2d R. 604(f). Rule 604(f) provides, "The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 145 Ill. 2d R. 604(f).

At the conclusion of the November 25, 1997, hearing, defendant indicated his intention to take an interlocutory appeal pursuant to Rule 604(f). The trial court asked, "What's the former jeopardy?" Defendant responded that the second mistrial was not justified by

"manifest necessity." Thus, defendant claimed, this case presents an exception to the long-standing rule that the double jeopardy clauses of the United States and Illinois Constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10) do not bar reprosecution where jury deadlock results in a mistrial. See *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L. Ed. 165 (1824); *Dreyer v. People*, 188 Ill. 40, 58 N.E. 620 (1900). The trial court took the matter under advisement. Upon reconvening later in the day, the trial court entered a docket entry reflecting defendant's intention to take an interlocutory appeal under Rule 604(f), directed the clerk to file notice of appeal, appointed appellate counsel, and vacated the date set for the third trial, pending the outcome of this appeal.

The State argues that appellate jurisdiction is lacking, based on *Richardson v. United States*, 468 U.S. 317, 82 L. Ed. 2d 242, 104 S. Ct. 3081 (1984), in which the petitioner claimed that his retrial was barred by double jeopardy where the jury acquitted him of one charge but deadlocked on the remaining charges. The Supreme Court considered whether the court of appeals properly dismissed the appeal for lack of jurisdiction. *Richardson*, 468 U.S. at 318, 82 L. Ed. 2d at 246, 104 S. Ct. at 3082. *Richardson* involved a question of statutory interpretation—whether the trial court's denial of the petitioner's motion for judgment of acquittal based on the insufficiency of the evidence was a final judgment, appealable under Title 28, section 1291 of the United States Code, which states: "The courts of appeals *** shall have jurisdiction of appeals from all *final decisions* of the district courts of the United States, *** except where a direct review may be had in the Supreme Court." (Emphasis added.) 28 U.S.C. § 1291 (1994).

The Supreme Court first held that, under the statute, the court of appeals did have jurisdiction to consider petitioner's appeal from the order of the district court denying his motion to dismiss. *Richardson*, 468 U.S. at 322, 82 L. Ed. 2d at 249, 104 S. Ct. at 3084. Noting that the appealability of a double jeopardy claim depends upon its being at least "colorable," and that frivolous claims of former jeopardy may be weeded out by summary procedures, the Supreme Court found petitioner's claim colorable and the order appealed from final for purposes of section 1291. *Richardson*, 468 U.S. at 322, 82 L. Ed. 2d at 249, 104 S. Ct. at 3084.

■ The Supreme Court then turned to the merits and held, "[T]he failure of the jury to reach a verdict is not an event which terminates jeopardy." *Richardson*, 468 U.S. at 325, 82 L. Ed. 2d at 251, 104 S. Ct. at 3086. Further, "Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial." *Richardson*, 468 U.S. at 326, 82 L. Ed. 2d at 251, 104 S.

Ct. at 3086. In a footnote immediately following this statement, the Supreme Court said:

> "It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer 'colorable' double jeopardy claims which may be appealed before final judgment. A colorable claim, of course, presupposes that there is some possible validity to a claim. [Citations.] Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial, and there is little need to interpose the delay of appellate review before a second trial can begin." *Richardson*, 468 U.S. at 326 n.6, 82 L. Ed. 2d at 251 n.6, 104 S. Ct. at 3086 n.6.

This portion of the *Richardson* opinion is purely statutory interpretation, not constitutional interpretation that is binding on the states.

The State contends that, under *Richardson*:

> "[T]he double jeopardy clause of the United States Constitution does not require appellate review of the sufficiency of the evidence in a trial which ends in mistrial due to jury deadlock because the original jeopardy continues through a subsequent retrial rather than terminating with an order of mistrial."

The State is correct that the defendant is not constitutionally entitled to interlocutory review of his double jeopardy claim.

The question is, however, whether Rule 604(f) permits an Illinois defendant to take an interlocutory appeal of an order denying his motion to dismiss following a mistrial due to jury deadlock. Our research has revealed no Illinois cases in which Rule 604(f) has been interpreted, in light of *Richardson*, to preclude such an appeal. We have previously observed:

> "Subject to certain exceptions, appellate courts are without jurisdiction to review judgments, orders, or decrees which are not final. [Citation.] A trial court's ruling denying a defendant's motion to dismiss criminal charges is not a final order or judgment, nor is it an interlocutory order appealable as a statutory exception." *People v. Baptist*, 284 Ill. App. 3d 382, 388, 672 N.E.2d 398, 402 (1996).

Rule 604(f), however, creates just such an exception. Unlike the statute at issue in *Richardson*, which requires a final decision before an appeal may be taken, Rule 604(f) permits an interlocutory appeal of the denial of a motion to dismiss on grounds of former jeopardy. Paragraph (f) was added to Rule 604 in 1982 (87 Ill. 2d R. 604(f)) without explanation or comment. Since that time, appellate courts have repeatedly addressed such appeals without questioning their jurisdiction to do so. See *People v. Schram*, 283 Ill. App. 3d 1056, 1060-61, 672 N.E.2d 1237, 1240 (1996) (finding jurisdiction to review conten-

tions concerning former jeopardy but not to address due process or other arguments); *People v. Iozzo*, 195 Ill. App. 3d 1078, 1084, 552 N.E.2d 1308, 1312 (1990) (finding jurisdiction over appeal); *People v. Gathings*, 128 Ill. App. 3d 475, 479, 470 N.E.2d 1260, 1263 (1984) (electing to exercise jurisdiction over speedy trial issue because it was coupled with double jeopardy claim over which court had jurisdiction pursuant to Rule 604(f)).

The State's argument is, essentially, that this court should utilize the *Richardson* court's discussion of the constitutional issue of double jeopardy to place a judicial gloss on Rule 604(f): Rule 604(f) may be invoked only when the defendant's motion to dismiss on the grounds of "former jeopardy" is denied. According to *Richardson*, jeopardy does not terminate with the declaration of a mistrial based on jury deadlock. Thus, the defendant continues to be in jeopardy after the mistrial and cannot make a colorable claim of "former jeopardy." Therefore, no appeal under Rule 604(f) may lie.

When the trial court inquired, upon defendant's statement that he intended to take an interlocutory appeal, "What's the former jeopardy?" it was expressing this same premise.

While the State's logic is not flawed, its argument is addressed to the wrong forum. It is not within the scope of this court's authority to narrow a supreme court rule in such a manner. The plain language of the rule allows a defendant to take an interlocutory appeal where, as here, his claim of double jeopardy was rejected by a trial court. Although it may be true that the "Illinois Supreme Court has not construed the double jeopardy protections under the Illinois Constitution to be any broader than those provided by the Federal constitution" (*People v. Harbold*, 262 Ill. App. 3d 1067, 1070, 635 N.E.2d 900, 903 (1994)), this does not require Illinois courts to follow federal appellate procedures when those protections are invoked.

We, therefore, reject the State's argument that we should dismiss this appeal for lack of jurisdiction and turn to the merits.

## II. MERITS

### A. Sufficiency of the Evidence

Defendant's first argument is that the evidence presented by the State at his two trials is insufficient to prove him guilty of DUI beyond a reasonable doubt. Specifically, he asserts that the State failed to prove an essential element of the offense—that he was driving the car. Both defendant and his wife testified at the second trial that she was driving the car. The arresting officer testified that defendant was driving and the woman was in the backseat. When the car stopped, he moved over and she climbed forward into the driver's seat. This was

contradicted by the testimony of defendant and his wife that what the officer saw was her reaching into the backseat for a shirt and his moving from a position close to her, over to the far side of the passenger seat. It is uncontroverted that defendant's BAC was 0.19.

The basis of defendant's claim is that, after a mistrial as a result of a hung jury, "retrial is barred by double jeopardy prohibition if evidence introduced at trial was insufficient to convict." In support of this statement, defendant cites *People ex rel. Daley v. Crilly*, 108 Ill. 2d 301, 483 N.E.2d 1236 (1985), which he also cited to the trial court in support of his motion to dismiss. He argues the evidence that he was driving was "weak at best, given the plausible explanation offered by the defense witness[es]." He also refers to the fact that neither jury was able to reach a verdict. Thus, he argues, the trial court erred by not granting his motion to dismiss.

The State responds that defendant's reliance on *Crilly* is misplaced. In *Crilly*, the defendant was charged with murder and conspiracy to commit murder. The trial court denied defendant's motion for a directed verdict and the case went to the jury, which convicted on the conspiracy charge but deadlocked on the murder charge. The trial court discharged the jury and entered judgment on the conspiracy charge. Defendant renewed his motion for a directed verdict on the murder charge and the trial court granted the motion, rejecting the State's motion for a retrial. On appeal, which was brought by the State, the State argued that the jury deadlock resulted in a mistrial and, therefore, a new trial on the murder charge was proper. Further, the State argued that the trial court did not have the authority to entertain a motion for directed verdict following a mistrial because there was no longer any evidence before the court on which to base the determination. *Crilly*, 108 Ill. 2d at 304-05, 483 N.E.2d at 1237-38.

The supreme court held that the trial court retained jurisdiction of the defendant and the indictment because it had not yet sentenced defendant on the conspiracy charge prior to acquitting him of murder. *Crilly*, 108 Ill. 2d at 307, 483 N.E.2d at 1238. The trial court, therefore, had the authority to correct its interlocutory ruling. The supreme court also held that the "evidence introduced at a criminal trial does not vanish after a jury is discharged, even if the discharge constituted a mistrial." *Crilly*, 108 Ill. 2d at 307, 483 N.E.2d at 1238. Thus, just as the trial court was able to determine the sufficiency of the evidence before the case went to the jury, it could engage in the same analysis after the jury deadlocked.

The State distinguishes this case from *Crilly*, in that this defendant was not acquitted by the trial court following the mistrial. Further, the State characterizes as *dicta* (citing *People v. Russell*, 165 Ill.

App. 3d 569, 572-73, 519 N.E.2d 6, 9 (1987)), the last sentence of the following discussion in *Crilly*:

> "[W]hen a mistrial is declared because the jury is deadlocked, retrial is barred by the double jeopardy prohibition if the evidence introduced at the trial was insufficient to convict the defendant. *** [Citations.] *** [*Burks v. United States*, 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141 (1978)], [*People v. Holloway*, 92 Ill. 2d 381, 442 N.E.2d 191 (1982)], and [*People v. Taylor*, 76 Ill. 2d 289, 391 N.E.2d 366 (1979),] teach us that retrying a defendant where the evidence presented by the prosecutor at the first trial was insufficient to convict subjects him to double jeopardy.
>
> . In determining whether the defendant's double jeopardy protection is being violated, the law is indifferent as to whether the first trial ends in a guilty verdict or in a deadlocked jury. *** [T]he proper application of the constitutional prohibition against double jeopardy requires that, when the issue is raised by the defendant, the trial judge must decide whether the evidence was sufficient for conviction, both where the jury returned a guilty verdict and where it was unable to agree on a verdict. If the judge incorrectly decides in either instance that the evidence was sufficient, he is subject to reversal." *Crilly*, 108 Ill. 2d at 308, 483 N.E.2d at 1239.

*Crilly*, although decided shortly after the Supreme Court's decision in *Richardson*, does not mention that decision. *Richardson* distinguished *Burks*, which held that once a defendant obtained an unreversed appellate ruling that the government had failed to introduce sufficient evidence to convict him at trial, a second trial was barred by the double jeopardy clause:

> "The Court in *Burks* did not deal with the situation in which a trial court declares a mistrial because of a jury's inability to agree on a verdict. Thus, petitioner's reliance on *Burks* in the context of the present case can be supported only if that decision laid down some overriding principle of double jeopardy law that was applicable across the board in situations totally different from the facts out of which it arose. But it is quite clear that our decision in *Burks* did not extend beyond the procedural setting in which it arose. Where, as here, there has been only a mistrial resulting from a hung jury, *Burks* simply does not require that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the Double Jeopardy Clause." *Richardson*, 468 U.S. at 323, 82 L. Ed. 2d at 249, 104 S. Ct. at 3085.

Because the instant case involves the procedural setting of *Richardson*, not that of *Burks*, there is no requirement under the United States Constitution that this court rule on the sufficiency of the evidence presented at trial. *Crilly*, however, was based on both the state

and federal constitutions and on both Illinois and United States Supreme Court precedent.

In *Taylor*, the Supreme Court of Illinois, citing *Burks*, found error on the part of the appellate court because it did not reach the question of the sufficiency of the evidence when it reversed a criminal conviction and remanded for a new trial. *Taylor*, 76 Ill. 2d at 309, 391 N.E.2d at 375. In *Holloway*, double jeopardy arose when the State reindicted the defendant after his conviction was reversed on direct appeal based on the insufficiency of the evidence. *Holloway*, 92 Ill. 2d at 386-87, 442 N.E.2d at 194.

■ Thus, *Burks*, *Richardson*, *Taylor*, and *Holloway*, taken together, establish two general rules. First, when reversing a conviction and the issue has been raised on appeal by the defendant, an appellate court must consider the sufficiency of the evidence lest the defendant be subjected to double jeopardy on retrial. Second, when a mistrial is properly declared *solely* on the basis of the inability of the jury to reach a verdict, retrial does not result in double jeopardy, regardless of the sufficiency of the evidence at the first trial.

As the State notes, defendant has not argued that the trial court abused its discretion in declaring a mistrial (see *People v. Hudson*, 171 Ill. App. 3d 1029, 526 N.E.2d 164 (1987) (arguing, unsuccessfully, that there was no manifest necessity to declare mistrial after only 12 hours of jury deliberation)), or that the mistrial was based on anything other than jury deadlock (see *Hudson*, 171 Ill. App. 3d 1029, 526 N.E.2d 164 (arguing, unsuccessfully, that State's trial conduct was calculated to result in mistrial)). Either of these issues would be properly considered in an appeal pursuant to Rule 604(f) following a mistrial.

■ Defendant argues in his reply brief that although he does not question the necessity or the basis of the mistrial, the question of the sufficiency of the evidence is properly before this court because the trial court denied his motion to reconsider the motion for a directed verdict. However, the defendant in *Richardson* made the same motions (*Richardson*, 468 U.S. at 318-19, 82 L. Ed. 2d at 246-47, 104 S. Ct. at 3082-83), and this did not affect the Supreme Court's analysis.

We agree with the State that, under these circumstances, a defendant is not entitled to appellate review of the sufficiency of the evidence. Recalling the Supreme Court's comments in *Richardson* that the appealability of a double jeopardy claim depends upon its being at least "colorable" and that frivolous claims of former jeopardy may be weeded out by summary procedures (*Richardson*, 468 U.S. at 322, 82 L. Ed. 2d at 249, 104 S. Ct. at 3084), we conclude, as did the Supreme Court in its footnote in *Richardson*, that, in the future, claims of this sort should be dealt with summarily. 166 Ill. 2d R. 23(c) (permitting

reviewing courts to "dispose of a case by summary order at any time after the case is docketed in the Appellate Court").

Even if we were to reach the issue in this case, however, we need not recount the trial testimony at length to conclude, as did the trial court, that there was sufficient evidence from which a jury could reasonably find that defendant was driving when the officer stopped the car. The officer was unequivocal in his assertion that he clearly observed the male occupant of the car in the driver's seat. The defendant claimed that the officer was mistaken and offered an explanation for what the officer thought he saw. The resolution of this conflicting testimony is a question of fact for a jury, to be decided based on the jury's assessment of the credibility of the witnesses. Defendant is incorrect that the mere existence of such conflicting evidence creates reasonable doubt, even after two juries have failed to reach a verdict.

## B. Due Process

Defendant argues, in the alternative, that due process principles require that he not be tried for a third time. He acknowledges that his argument is not grounded on double jeopardy principles, but on the concept of fundamental fairness.

Before addressing the merits, we address the State's contention that even if this appeal was properly brought pursuant to Supreme Court Rule 604(f), this issue is outside the scope of the rule and this court lacks jurisdiction to hear it. The State relies on *Schram*:

"[T]he scope of review of an order in a Rule 604(f) appeal is limited to a former jeopardy analysis and does not extend to a review of alleged errors that could not independently form the basis for appellate jurisdiction under Rule 604(f)." *Schram*, 283 Ill. App. 3d at 1061, 672 N.E.2d at 1240.

The *Schram* court held that it lacked jurisdiction to review contentions regarding due process or failure to state the offense of forgery and confined its review solely to the contentions involving former jeopardy. *Schram*, 283 Ill. App. 3d at 1062, 672 N.E.2d at 1241.

It is clear that there is no independent basis for interlocutory appellate review of defendant's due process claim. Defendant does not specifically address this issue or attempt to distinguish *Schram*.

Our research, however, reveals the same appellate district that decided *Schram* reached a different result in an earlier case. In *Gathings*, 128 Ill. App. 3d at 479, 470 N.E.2d at 1263, the court acknowledged that the denial of defendant's motion to dismiss pursuant to the speedy trial provision "ordinarily is deemed a nonappealable interlocutory order." However, because the speedy trial issue was "coupled with an appeal on double jeopardy grounds over which this court has clear jurisdiction [pursuant to Rule 604(f)], we elect to exercise juris-

diction over the speedy[ ]trial issue in pursuance of efficient judicial administration." *Gathings*, 128 Ill. App. 3d at 479, 470 N.E.2d at 1263.

■ Because Rule 604(f) appeals are somewhat similar to appeals pursuant to Rule 308 (155 Ill. 2d R. 308), we look to the cases discussing the scope of appellate jurisdiction when the trial court has certified a question of law, thus permitting review of an otherwise unappealable interlocutory order. This court has previously held, "When the appellate court, in its discretion, allows an appeal under Rule 308, the court is not limited to answering the questions that the trial court has identified." *First of America Bank-Illinois v. Drum*, 295 Ill. App. 3d 205, 211, 692 N.E.2d 703, 706 (1998). Similarly, the supreme court has noted that when it allows a petition for leave to appeal following an appellate court's judgment on a Rule 308 appeal, the scope of its review "is not limited to determining whether the appellate court answered the certified questions correctly." *Schrock v. Shoemaker*, 159 Ill. 2d 533, 537, 640 N.E.2d 937, 939 (1994). More recently, the supreme court, citing *Schrock*, considered the scope of review on appeal after "defendant took an interlocutory appeal to the appellate court on double jeopardy grounds under Rule 604(f). In turn, this court allowed defendant's petition for leave to appeal under Rule 315." *People v. Quigley*, 183 Ill. 2d 1, 12, 697 N.E.2d 735, 741 (1998). Because both parties had briefed and argued the issues of speedy trial and compulsory joinder, the supreme court addressed the issues "in the interest of judicial economy." *Quigley*, 183 Ill. 2d at 13, 697 N.E.2d at 741.

Based on our analysis of these cases, we conclude that this court does have jurisdiction to address defendant's due process arguments.

■ Defendant cites numerous cases from other jurisdictions as "persuasive authority" for his argument that fundamental fairness requires dismissal of the charges against him after two trials have resulted in mistrial. The cases cited, however, are factually distinguishable from the present case in that each involves an appeal by the State from the trial court's dismissal of charges following two or more mistrials. The State responds one by one to the cases cited and concludes that they merely stand for the proposition that a trial court has the power to dismiss criminal charges with prejudice after multiple mistrials due to jury deadlock when the situation is "so fundamentally unfair as to violate a defendant's right to due process." None of the cases cited, however, finds that a trial court erred as a matter of law by refusing to dismiss after two mistrials.

*Harbold*, 262 Ill. App. 3d 1067, 635 N.E.2d 900, addresses the precise issue raised by defendant. Harbold was twice convicted of mur-

der and, twice, his convictions were overturned on appeal. Facing a third trial after the trial court denied his motion to dismiss, he filed an interlocutory appeal. *Harbold*, 262 Ill. App. 3d at 1067, 635 N.E.2d at 901. In addition to his double jeopardy argument, which was rejected, the defendant argued that a third trial violated his right to due process (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, §§ 2, 8, 13). He claimed prosecutorial misconduct in both trials and pointed to the fact that the first conviction was reversed, in part, because of inflammatory prosecutorial argument. *Harbold*, 262 Ill. App. 3d at 1067-68, 635 N.E.2d at 901-02.

In the present case, the defendant does not claim prosecutorial misconduct or cite any other violation of his rights that might preclude another trial as a matter of fundamental fairness. Even in *Harbold*, where two convictions were reversed because of prosecutorial misconduct, the court summarily disposed of defendant's due process argument, stating "defendant has not cited any analogous case in this [s]tate where a trial court's denial of defendant's motion to dismiss an indictment was reversed by a reviewing court because retrial violated due process rights." *Harbold*, 262 Ill. App. 3d at 1070, 635 N.E.2d at 903.

We, therefore, reject defendant's due process argument and affirm the trial court's denial of his motion to dismiss.

## III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed, and this cause is remanded to the trial court for trial.

Affirmed and remanded with directions.

GREEN and STEIGMANN, JJ., concur.