THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. ADAMS, a/k/a Robert Demko, Defendant-Appellant.

Fourth District    No. 4—00—0280

Opinion filed September 21, 2000.

Carey J. Luckman, of Ostling & Riggert, of Pontiac, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In October 1998, the State charged defendant, Robert E. Adams, a/k/a Robert Demko, with unlawful use of weapons (UUW) (720 ILCS 5/24—1(a)(7)(iii) (West 1996)). During a January 2000 jury trial, defendant moved for a directed verdict, which the trial court denied. The court subsequently granted defendant's motion for a mistrial after a subpoenaed defense witness failed to appear. In March 2000, defendant filed a motion seeking dismissal on the ground that retrial was barred because the evidence presented by the State at the January 2000 trial was "insufficient to support a verdict of guilty." Following a hearing, the court denied defendant's motion. Defendant appeals, arguing that the court erred by denying the motion to dismiss. We affirm and remand with directions.

I. BACKGROUND

In October 1998, the State charged defendant with UUW, alleging that he "knowingly and unlawfully possessed an item containing an explosive substance of over one-quarter ounce, [to wit]: an M-250 explosive device." 720 ILCS 5/24—1(a)(7)(iii) (West 1996).

During his January 2000 jury trial, defendant moved for a directed verdict following the close of the State's case in chief. The trial court denied the motion and granted a recess to allow defense counsel to locate his first defense witness. Following the recess, defense counsel informed the court that the witness would be unavailable for three days due to an illness. The court then granted defendant's request for a three-day continuance. When the trial reconvened, the defense witness failed to appear, and defense counsel informed the court that he had been unable to reach her. Defendant then moved for a mistrial, which the court granted.

In March 2000, defendant filed a motion seeking dismissal of the charge with prejudice or a judgment of acquittal on the ground that retrial was barred because the evidence presented by the State at defendant's trial was "insufficient to support a verdict of guilty." Specifically, defendant alleged that the State had failed to prove that M-250's were "weapons" within the meaning of section 24—1(a)(7) of the Criminal Code of 1961 (720 ILCS 5/24—1(a)(7) (West 1996)), the statute under which he was charged. Following a hearing, the trial court denied defendant's motion. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that because the State's evidence at his first trial was insufficient to prove him guilty beyond a reasonable doubt of UUW, his retrial is barred by double jeopardy principles. Defendant claims that when a trial court grants a defendant's request for a mistrial following the court's denial of his motion for a directed verdict, the double jeopardy doctrine bars his retrial if the State's evidence at trial was insufficient to convict.

We decline to address defendant's sufficiency of the evidence claim because double jeopardy is not implicated in this case. The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *People v. Placek*, 184 Ill. 2d 370, 376-77, 704 N.E.2d 393, 396 (1998). Double jeopardy is not implicated when, as here, the defendant himself seeks to have his trial terminated without submission of the issue of guilt or innocence to the trier of fact. *United States v. Scott*, 437 U.S. 82, 93, 57 L. Ed. 2d 65, 75, 98 S. Ct. 2187, 2195 (1978). A defendant's motion for a mistrial "is deemed to be a deliberate election on his part to [forego] his valued right to have his guilt or innocence determined before the first trier of fact." *Scott*, 437 U.S. at 93, 57 L. Ed. 2d at 76, 98 S. Ct. at 2195; see also *People v. Woodward*, 394 Ill. 433, 435, 69 N.E.2d 181, 182 (1946) ("de-

fendant cannot, by his own act, avoid the jeopardy on which he stands and then assert it as a bar to subsequent jeopardy").

Double jeopardy bars retrial in mistrial situations only when the prosecution intended to "goad" the defendant into requesting a mistrial. *Placek*, 184 Ill. 2d at 378, 704 N.E.2d at 397; *People v. Murray*, 306 Ill. App. 3d 280, 283, 713 N.E.2d 814, 817 (1999). Thus, when the trial court properly declares a mistrial, retrial is not barred by double jeopardy principles, regardless of the sufficiency of the evidence at the first trial. See *Richardson v. United States*, 468 U.S. 317, 325-26, 82 L. Ed. 2d 242, 251, 104 S. Ct. 3081, 3086 (1984).

Defendant concedes that he voluntarily chose to seek termination of his trial prior to submitting the issue of his guilt or innocence to the trier of fact. (Defendant does not question the basis for the mistrial or claim that the prosecution goaded him into requesting it.) When defendant moved for a mistrial because his own subpoenaed witness failed to show up for trial, he deliberately elected "to [forego] his valued right to have his guilt or innocence determined before the first trier of fact." *Scott*, 437 U.S. at 93, 57 L. Ed. 2d at 76, 98 S. Ct. at 2195. Under these circumstances, double jeopardy is simply not implicated. Thus, defendant has no valid double jeopardy claim to prevent his retrial, regardless of the sufficiency of the evidence presented at his first trial. Accordingly, we hold that the trial court did not err by denying defendant's motion to dismiss.

In so holding, we note that defendant's argument here is much weaker than the defendant's argument in *People v. Hobbs*, 301 Ill. App. 3d 581, 589, 703 N.E.2d 943, 949 (1998), in which this court rejected a claim that, after a mistrial as a result of a hung jury, retrial is barred by double jeopardy if the evidence presented by the State at the first trial was insufficient to prove the defendant guilty. In *Hobbs*, we concluded that the defendant was not entitled to appellate review of the sufficiency of the evidence because "when a mistrial is properly declared solely on the basis of the inability of the jury to reach a verdict, retrial does not result in double jeopardy, regardless of the sufficiency of the evidence at the first trial." (Emphasis omitted.) *Hobbs*, 301 Ill. App. 3d at 589, 703 N.E.2d at 949. Unlike the defendant in *Hobbs*, defendant here never permitted the issue of his guilt or innocence to be submitted to the jury. Instead, as discussed earlier, he deliberately elected to terminate his trial.

We also note that if we were to accept defendant's theory, it would provide an incentive for future defendants to move for a mistrial following the trial court's denial of a motion for a directed verdict. A defendant might do so knowing that, if the court granted his motion, he would automatically be entitled to challenge the sufficiency of the evi-

dence on an appeal from the trial court's denial of his subsequent motion to dismiss the charges on double jeopardy grounds.

Finally, consistent with our decision in *Hobbs*, we conclude that, in the future, claims of this sort should be dealt with summarily. See 166 Ill. 2d R. 23(c)(2) (permitting courts to dispose of a case by summary order when the disposition is clearly controlled by case law precedent).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment and remand this cause for trial.

Affirmed and remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.