No. 2--01--0811 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE ) Appeal from the Circuit

STATE OF ILLINOIS, ) Court of Kane County.

 )

Plaintiff-Appellee, ) 

) 

v. ) No. 99--CF--2057 

) 

CHRISTOPHER D. SMITH, ) Honorable

) James T. Doyle,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered 
the
 opinion of 
the
 court:

Defendant, Christopher D. Smith, was charged by indictment with three counts of first-degree murder (720 ILCS 5/9--1(a)(2) (West 1998)), one count of attempted first-degree murder (720 ILCS 5/8--4(a), 9--1(a)(2) (West 1998)), and one count of aggravated battery with a firearm (720 ILCS 5/12--4.2(a)(1) (West 1998)).  He argues that we must review 
the
 sufficiency of 
the
 evidence pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)).  We affirm.

Following a jury trial, and after several days of deliberation, 
the
 jury was unable to reach a unanimous verdict.  The trial judge declared a mistrial.  The jury was discharged, defense counsel made an oral motion for a directed verdict of acquittal, without argument, and the motion was denied.  Thereafter, 
defendant
 filed a motion to dismiss 
the
 indictment, citing several grounds upon which a retrial should be barred as violating double jeopardy protections.  Following a hearing, that motion was denied.   Defendant filed a timely notice of appeal.

On appeal, defendant challenges only 
the
 sufficiency of 
the
 evidence presented at his trial.  
In essence, 
defendant
 contends that, because 
the
 State's evidence at his trial was insufficient to prove him guilty beyond a reasonable doubt, his retrial is barred by double jeopardy principles and, therefore, 
the
 trial court erred in denying his motion to dismiss 
the
 indictment.  The State responds that 
defendant
 is not entitled to appellate review of 
the
 sufficiency of 
the
 evidence because double jeopardy is not implicated in this case.  We agree with 
the
 State.

The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for 
the
 same offense after acquittal, (2) a second prosecution for 
the
 same offense after conviction, and (3) multiple punishments for 
the
 same offense.  
People v. Placek
, 184 
Ill.
 2d 370, 376-77 (1998).  Double jeopardy is not implicated when, as here, a trial judge declares a mistrial following a hung jury.  
People v. Daniels
, 187 
Ill.
 2d 301, 310 (1999).  

In 
Richardson v. United States
, 468 U.S. 317, 82 L. Ed. 2d 242, 104 S. Ct. 3081 (1984), 
the
 petitioner was indicted on three counts of a federal narcotics violation.  At his trial, 
the
 jury acquitted him on one count but was unable to agree on 
the
 others.  The trial court declared a mistrial as to 
the
 remaining counts and scheduled a retrial.  The petitioner then moved to bar a retrial, claiming that it would violate double jeopardy principles.  The Supreme Court held that, regardless of 
the
 sufficiency of 
the
 evidence at his first trial, 
the
 petitioner had no valid double jeopardy claim because 
the
 protection of 
the
 double jeopardy clause, by its terms, applies only if there has been some event, such as an acquittal, that terminates 
the
 original jeopardy.  
Richardson
, 468 U.S. at 325-26, 82 L. Ed. 2d at 250-51, 104 S. Ct. at 3086. 

In 
People v. Hobbs
, 301 
Ill. App. 3d
 581, 585 (1998), 
the
 Appellate Court, Fourth District, considered whether Rule 604(f) permits an Illinois 
defendant
 to take an interlocutory appeal of an order denying his motion to dismiss following a mistrial due to jury deadlock.  Generally, subject to certain exceptions, appellate courts do not have jurisdiction to review judgments, orders, or decrees that are not final.  See 
People v. Baptist
, 284 
Ill. App. 3d
 382, 388 (1996).  
Hobbs
, however, noted that Rule 604(f) creates an exception to that rule.  Rule 604(f) provides that "[t]he 
defendant
 may appeal to 
the
 Appellate Court 
the
 denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy."  188 
Ill.
 2d R. 604(f).  
Hobbs
 further noted that, since paragraph (f) was added to Rule 604 in 1982 (87 
Ill.
 2d R. 604(f)), appellate courts have repeatedly addressed such appeals without questioning their jurisdiction to do so.  See 
Hobbs
, 301 
Ill. App. 3d
 at 585-86 (and 
the
 cases cited therein).  

The State argued that, according to 
Richardson
, jeopardy does not terminate with 
the
 declaration of a mistrial based on jury deadlock, and, therefore, 
the
 appellate court lacks jurisdiction under Rule 604(f) when 
the
 
defendant
's motion to dismiss followed a mistrial on that basis.  However, because 
the
 plain language of Rule 604(f) allows a 
defendant
 to take an interlocutory appeal where his claim of double jeopardy was rejected by a trial court, 
the
 
Hobbs
 court 
declined to interpret 
the
 scope of 
the
 rule so narrowly.  
Hobbs
, 301 
Ill. App. 3d
 at 586.  
Thus, the 
Hobbs
 court rejected 
the
 State's argument that 
the
 appellate court lacked jurisdiction to review 
the
 merits of 
the
 appeal.   

The 
Hobbs
 court pointed out other circumstances in which a 
defendant
 is entitled to appellate review under Rule 604(f).  For example, appellate review is merited where a 
defendant
 questions 
the
 necessity to declare a mistrial after only 12 hours of jury deliberation or where 
the
 mistrial was based on something other than jury deadlock.  See, 
e.g.
, 
People v. Hudson
, 171 
Ill. App. 3d
 1029 (1987).  However, the 
Hobbs
 court concluded that, while 
Rule 604(f)
 clearly allows 
the
 appellate court to review 
the
 merits of 
an
 appeal under those circumstances, there is no requirement that 
the
 appellate court rule on 
the
 sufficiency of 
the
 evidence presented at trial.  This is because "when a mistrial is properly declared 
solely
 on 
the
 basis of 
the
 inability of 
the
 jury to reach a verdict, retrial does not result in double jeopardy, regardless of 
the
 sufficiency of 
the
 evidence at 
the
 first trial."  (Emphasis in original.)  
Hobbs
, 301 
Ill. App. 3d
 at 589.  We agree with 
the
 reasoning of 
Hobbs
 and adopt its conclusion. 

Defendant here does not argue that 
the
 trial court abused its discretion in declaring a mistrial.  Nor does he assert that 
the
 mistrial was based on anything other than jury deadlock.  According to 
Hobbs
, 301 
Ill. App. 3d
 at 589, either of these issues would be properly considered in an appeal under Rule 604(f) following a mistrial.  Instead, 
defendant
's sole argument on appeal questions 
the
 sufficiency of 
the
 evidence.  Accordingly, we decline to address 
defendant
's claim because double jeopardy is not implicated in this case.

Finally, consistent with 
Hobbs
, 301 
Ill. App. 3d
 at 589-90, we conclude that, in 
the
 future, claims of this sort in 
the
 appellate court can be dealt with summarily pursuant to Supreme Court Rule 23(c) (166 
Ill.
 R. 23(c)).  See also 
People v. Adams
, 316 
Ill. App. 3d
 202, 205 (2000).  We hold that 
the
 trial court did not err by denying 
defendant
's motion to dismiss.

For 
the
 reasons stated, we affirm
 the judgment of the circuit court of Kane County
.

Affirmed. 

BOWMAN and GROMETER, JJ., concur.