THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER D. SMITH, Defendant-Appellant.

Second District   No. 2—01—0811

Opinion filed April 23, 2003.

G. Joseph Weller and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Meg Gorecki, State's Attorney, of St. Charles (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Christopher D. Smith, was charged by indictment with

three counts of first-degree murder (720 ILCS 5/9—1(a)(2) (West 1998)), one count of attempted first-degree murder (720 ILCS 5/8—4(a), 9—1(a)(2) (West 1998)), and one count of aggravated battery with a firearm (720 ILCS 5/12—4.2(a)(1) (West 1998)). He argues that we must review the sufficiency of the evidence pursuant to Supreme Court Rule 604(f) (188 Ill. 2d R. 604(f)). We affirm.

Following a jury trial, and after several days of deliberation, the jury was unable to reach a unanimous verdict. The trial judge declared a mistrial. The jury was discharged, defense counsel made an oral motion for a directed verdict of acquittal, without argument, and the motion was denied. Thereafter, defendant filed a motion to dismiss the indictment, citing several grounds upon which a retrial should be barred as violating double jeopardy protections. Following a hearing, that motion was denied. Defendant filed a timely notice of appeal.

On appeal, defendant challenges only the sufficiency of the evidence presented at his trial. In essence, defendant contends that, because the State's evidence at his trial was insufficient to prove him guilty beyond a reasonable doubt, his retrial is barred by double jeopardy principles and, therefore, the trial court erred in denying his motion to dismiss the indictment. The State responds that defendant is not entitled to appellate review of the sufficiency of the evidence because double jeopardy is not implicated in this case. We agree with the State.

■ The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *People v. Placek*, 184 Ill. 2d 370, 376-77 (1998). Double jeopardy is not implicated when, as here, a trial judge declares a mistrial following a hung jury. *People v. Daniels*, 187 Ill. 2d 301, 310 (1999).

In *Richardson v. United States*, 468 U.S. 317, 82 L. Ed. 2d 242, 104 S. Ct. 3081 (1984), the petitioner was indicted on three counts of a federal narcotics violation. At his trial, the jury acquitted him on one count but was unable to agree on the others. The trial court declared a mistrial as to the remaining counts and scheduled a retrial. The petitioner then moved to bar a retrial, claiming that it would violate double jeopardy principles. The Supreme Court held that, regardless of the sufficiency of the evidence at his first trial, the petitioner had no valid double jeopardy claim because the protection of the double jeopardy clause, by its terms, applies only if there has been some event, such as an acquittal, that terminates the original jeopardy. *Richardson*, 468 U.S. at 325-26, 82 L. Ed. 2d at 250-51, 104 S. Ct. at 3086.

In *People v. Hobbs*, 301 Ill. App. 3d 581, 585 (1998), the Appellate Court, Fourth District, considered whether Rule 604(f) permits an Illinois defendant to take an interlocutory appeal of an order denying his motion to dismiss following a mistrial due to jury deadlock. Generally, subject to certain exceptions, appellate courts do not have jurisdiction to review judgments, orders, or decrees that are not final. See *People v. Baptist*, 284 Ill. App. 3d 382, 388 (1996). *Hobbs*, however, noted that Rule 604(f) creates an exception to that rule. Rule 604(f) provides that "[t]he defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." 188 Ill. 2d R. 604(f). *Hobbs* further noted that, since paragraph (f) was added to Rule 604 in 1982 (87 Ill. 2d R. 604(f)), appellate courts have repeatedly addressed such appeals without questioning their jurisdiction to do so. See *Hobbs*, 301 Ill. App. 3d at 585-86 (and the cases cited therein).

The State argued that, according to *Richardson*, jeopardy does not terminate with the declaration of a mistrial based on jury deadlock, and, therefore, the appellate court lacks jurisdiction under Rule 604(f) when the defendant's motion to dismiss followed a mistrial on that basis. However, because the plain language of Rule 604(f) allows a defendant to take an interlocutory appeal where his claim of double jeopardy was rejected by a trial court, the *Hobbs* court declined to interpret the scope of the rule so narrowly. *Hobbs*, 301 Ill. App. 3d at 586. Thus, the *Hobbs* court rejected the State's argument that the appellate court lacked jurisdiction to review the merits of the appeal.

The *Hobbs* court pointed out other circumstances in which a defendant is entitled to appellate review under Rule 604(f). For example, appellate review is merited where a defendant questions the necessity to declare a mistrial after only 12 hours of jury deliberation or where the mistrial was based on something other than jury deadlock. See, *e.g.*, *People v. Hudson*, 171 Ill. App. 3d 1029 (1987). However, the *Hobbs* court concluded that, while Rule 604(f) clearly allows the appellate court to review the merits of an appeal under those circumstances, there is no requirement that the appellate court rule on the sufficiency of the evidence presented at trial. This is because "when a mistrial is properly declared *solely* on the basis of the inability of the jury to reach a verdict, retrial does not result in double jeopardy, regardless of the sufficiency of the evidence at the first trial." (Emphasis in original.) *Hobbs*, 301 Ill. App. 3d at 589. We agree with the reasoning of *Hobbs* and adopt its conclusion.

Defendant here does not argue that the trial court abused its discretion in declaring a mistrial. Nor does he assert that the mistrial was based on anything other than jury deadlock. According to *Hobbs*,

301 Ill. App. 3d at 589, either of these issues would be properly considered in an appeal under Rule 604(f) following a mistrial. Instead, defendant's sole argument on appeal questions the sufficiency of the evidence. Accordingly, we decline to address defendant's claim because double jeopardy is not implicated in this case.

Finally, consistent with *Hobbs*, 301 Ill. App. 3d at 589-90, we conclude that, in the future, claims of this sort in the appellate court can be dealt with summarily pursuant to Supreme Court Rule 23(c) (166 Ill. 2d R. 23(c)). See also *People v. Adams*, 316 Ill. App. 3d 202, 205 (2000). We hold that the trial court did not err by denying defendant's motion to dismiss.

For the reasons stated, we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN and GROMETER, JJ., concur.