# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cordero*, 2012 IL App (2d) 101113

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SERGIO CORDERO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-1113 |
| Filed | February 10, 2012 |
| Rehearing denied | March 26, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was granted a new trial following his conviction for aggravated criminal sexual assault and then the trial court denied his motion to dismiss, which argued that a retrial would subject him to double jeopardy because the evidence at his first trial was legally insufficient, the appellate court held that double jeopardy did not bar a new trial, regardless of the sufficiency of the evidence at the first trial, since defendant's original jeopardy had never terminated where he was convicted, the trial court denied his request for a judgment of acquittal, and then granted him a new trial based on a finding of reversible error arising from the exclusion of certain evidence. |
| Decision Under Review | Appeal from the Circuit Court of Jo Daviess County, No. 09-CF-80, the Hon. William A. Kelly, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal      Robert M. Stephenson, of Becker Stephenson LLC, of Chicago, for appellant.

Terry M. Kurt, State's Attorney, of Galena (Lawrence M. Bauer and Sally A. Swiss, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Hutchinson and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1      After a bench trial, defendant, Sergio Cordero, was convicted of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(3) (West 2008)). He moved for either a judgment of acquittal or a new trial, based on various trial errors. The trial court denied defendant an outright acquittal but granted him a new trial. Defendant then moved to dismiss the charge, arguing that a retrial would subject him to double jeopardy because the evidence at his first trial had been legally insufficient. The trial court denied the motion. Defendant appeals (see Ill. S. Ct. R. 604(f) (eff. July 1, 2006)).

¶ 2      We affirm. We hold that defendant's original jeopardy has not terminated. Therefore, a retrial will not subject him to double jeopardy, regardless of whether the evidence at his first trial was legally sufficient.

¶ 3      Defendant's claim presents a question of law, which we of course review *de novo*. See *People v. Bellmyer*, 199 Ill. 2d 529, 537 (2002). The federal and state constitutional double jeopardy clauses (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10) are essentially identical (*People v. Ortiz*, 196 Ill. 2d 236, 253 (2001)), so we discuss them together. They prohibit (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *People v. Placek*, 184 Ill. 2d 370, 376-77 (1998). However, the protection is triggered only if there has been some event, such as an acquittal, that terminates the original jeopardy. *United States v. Richardson*, 468 U.S. 317, 325-26 (1984); *People v. Smith*, 338 Ill. App. 3d 254, 255 (2003). Thus, defendant cannot prevail on his claim unless his original jeopardy has terminated. It has not.

¶ 4      Defendant was convicted. The trial court then denied his request for a judgment of acquittal, but, finding reversible error from the exclusion of certain evidence, granted him a new trial. Retrying defendant could not subject him to double jeopardy, because nothing has terminated his original jeopardy. Thus, double jeopardy does not bar a retrial, regardless of the sufficiency (or insufficiency) of the evidence at the original trial.

¶ 5     In *Richardson*–which neither party cites–a federal-court jury acquitted the defendant of one of the three counts but could not reach a verdict on the other two. The trial court declared a mistrial and ordered a new trial on both counts. The defendant then moved to dismiss the charges, based on double jeopardy. The trial court denied the motion to dismiss, and the appellate court affirmed. *Richardson*, 468 U.S. at 318-19. The Supreme Court affirmed the appellate court.

¶ 6     The Court rejected the defendant's premise that, if the evidence at his first trial had been legally insufficient, then double jeopardy barred the government from receiving a second opportunity to prove him guilty beyond a reasonable doubt. Recounting long-standing authority that double jeopardy does not bar a retrial after the first trial has ended in a "hung jury," the Court explained that the declaration of a mistrial was "not an event which terminate[d] jeopardy." *Id.* at 325. Thus, "[*r*]*egardless of the sufficiency of the evidence at [the defendant's] first trial*, he ha[d] no valid double jeopardy claim to prevent his retrial." (Emphasis added.) *Id.* at 326; *cf. People v. Taylor*, 76 Ill. 2d 289, 309 (1979) ("*When an appellate court reverses a criminal conviction* and remands the case for a new trial without deciding [the] defendant's contention that the evidence *** was insufficient, *** the court risks subjecting the defendant to double jeopardy." (Emphasis added.))

¶ 7     *Richardson* involved a retrial after a hung jury, not after a conviction that was reversed for trial error. Logically, however, there is no reason why a defendant who was found guilty beyond a reasonable doubt should enjoy greater protection than one whose jury could not reach a verdict either way. And, indeed, the opinions of several federal courts of appeal (also not cited by either party here) have held that *Richardson* allows a retrial in the former situation as well as in the latter.

¶ 8     In *United States v. Wood*, 958 F.2d 963 (10th Cir. 1992), the defendant was convicted by a jury of one count of making false statements to FBI agents. He moved for a judgment of acquittal, which the trial court denied, and a new trial (based on trial error), which the trial court granted. The defendant then moved to dismiss the charge, arguing that, because the evidence at his trial had been legally insufficient, retrying him would subject him to double jeopardy. (This, of course, is the precise legal theory on which defendant here relies.) The trial court denied the motion to dismiss.

¶ 9     Affirming, the court of appeals relied on *Richardson*'s holding that an event that terminates jeopardy is a condition precedent to an assertion of a double jeopardy claim. *Id.* at 969. The court noted that *Richardson* had said little about "what events, other than an acquittal, terminate jeopardy." *Id.* However, it rejected the defendant's argument that the guilty verdict against him had terminated his original jeopardy. The court explained that, because a jury's failure to reach a verdict does not bar a retrial, neither does the grant of a new trial after the jury has convicted the defendant. *Id.* at 970-71. Any harm to the defendant from being subjected to retrial was no greater than that suffered by the defendant in *Richardson*. Therefore, as with the defendant in *Richardson*, the defendant's original jeopardy had never terminated. Thus, a retrial would not subject him to double jeopardy, "regardless of the sufficiency of the evidence at the first trial." *Id.* at 971.

¶ 10    In *United States v. Porter*, 807 F.2d 21, 24 n.2 (1st Cir. 1986), *United States v. McAleer*,

138 F.3d 852, 856 (10th Cir. 1998), and *United States v. Carpenter*, 494 F.3d 13, 26 (1st Cir. 2007), the courts agreed with *Wood* that, where the trial court sets aside a conviction, based on trial error, double jeopardy does not bar retrying the defendant–regardless of whether the evidence at the first trial was legally sufficient. Whatever the strength of the evidence at the original trial, the new trial cannot put the defendant into jeopardy for a *second* time–for the simple reason that he is still in jeopardy for the *first* time. This rule is simply the application of the long-standing concept of "continuing jeopardy." See *Kepner v. United States*, 195 U.S. 100, 134 (1904) (Holmes, J., dissenting, joined by White and McKenna, JJ.); *Wood*, 958 F.2d at 967-68.

¶ 11        We endorse the holdings of these cases; indeed, we see them as compelled by *Richardson*. Further, although our state courts do not appear to have dealt with the precise issue here, two opinions (again not cited by either party) foreshadow the result here.

¶ 12        In *People v. Hobbs*, 301 Ill. App. 3d 581 (1998), the jury was twice unable to reach a verdict. After the trial court declared a mistrial for the second time, the defendant moved to dismiss, based on double jeopardy. The trial court denied the motion. On appeal, the defendant argued that a retrial would violate double jeopardy, because the evidence had been legally insufficient. *Id.* at 587. Relying on *Richardson*, the appellate court affirmed. It noted specifically that, under *Richardson*, the sufficiency of the evidence was not properly before it. *Id.* at 589.

¶ 13        In *Smith*, a mistrial was declared after the defendant's jury was unable to reach a verdict. The defendant moved for a directed verdict, which the trial court denied. The defendant then moved to dismiss the indictment, on double jeopardy grounds. The trial court denied the motion. On appeal, we affirmed, reiterating the rule from *Richardson* and *Hobbs* that, if a defendant's original jeopardy has not terminated, then double jeopardy does not bar a retrial and, moreover, the sufficiency of the evidence may not be raised on appeal. *Smith*, 338 Ill. App. 3d at 256.

¶ 14        For the foregoing reasons, we hold that double jeopardy does not bar the State from retrying defendant, regardless of the sufficiency of the evidence at the first trial. Therefore, we affirm the interlocutory order of the circuit court of Jo Daviess County.

¶ 15        Affirmed.