2022 IL App (2d) 200358
No. 2-20-0358
Opinion Filed February 7, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1821 |
| STEVEN M. KOTLARCHIK, | ) ) | Honorable Donald M. Tegeler Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1 After the trial court found defendant, Steven M. Kotlarchik, guilty of misdemeanor driving under the influence of alcohol (DUI) and improper lane usage, the court granted defendant a new trial on the DUI charge. Defendant moved for dismissal of the DUI charge based on double jeopardy, which the trial court denied. He appeals, contending that the court should have dismissed the DUI charge because the State failed to prove him guilty beyond a reasonable doubt at his first trial and, thus, double jeopardy precludes his retrial. We affirm.

¶ 2 I. BACKGROUND

¶ 3 Defendant was charged with aggravated DUI (625 ILCS 5/11-501(d)(2)(C) (West 2016)), misdemeanor DUI (*id.* § 11-501(a)(2)), and improper lane usage (*id.* § 11-709(a)). Following a

bench trial, the trial court found defendant guilty of misdemeanor DUI and improper lane usage. Before sentencing, defendant moved for either a judgment of acquittal of the charge of misdemeanor DUI based on insufficiency of the evidence or a new trial based on the lack of a jury waiver. The trial court granted defendant a new trial based on the absence of a jury waiver.

¶ 4 Defendant then moved to dismiss the charge of misdemeanor DUI arguing that, at his first trial, the State failed to prove him guilty beyond a reasonable doubt and, thus, double jeopardy barred a retrial. The court denied the motion, and defendant timely filed this interlocutory appeal pursuant to Illinois Supreme Court Rule 604(f) (eff. July 1, 2017).

¶ 5                                     II. ANALYSIS

¶ 6 Defendant argues that the trial court erred by denying his motion to dismiss his DUI charge on double jeopardy grounds because the State's evidence was insufficient to prove his guilt beyond a reasonable doubt. Defendant argues that Rule 604(f) mandates that we review the sufficiency of the evidence from his first trial before forcing him to undergo a second trial.

¶ 7 Generally, subject to certain exceptions, appellate courts do not have jurisdiction to review judgments, orders, or decrees that are not final. *People v. Smith*, 338 Ill. App. 3d 254, 256 (2003). In a criminal case, the sentence is the final judgment. *People v. Abdullah*, 2019 IL 123492, ¶ 19. However, Rule 604(f) creates an exception by providing for an appeal before a final judgment or an interlocutory appeal.

¶ 8 Rule 604(f) provides in its entirety, "Appeal by Defendant on Grounds of Former Jeopardy. The defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." Ill. S. Ct. R. 604(f) (eff. July 1, 2017). Nothing in the plain language of this rule supports defendant's argument that we must review the sufficiency of the evidence from his first trial. Rather, the express language in Rule 604(f) grants interlocutory

review only to defendant's double jeopardy claim. See *People ex rel. City of Chicago v. Hollins*, 368 Ill. App. 3d 934, 941 (2006) ("[t]he scope of review of an order in a Rule 604(f) appeal is limited to a former jeopardy analysis"). Further, we have explained that Rule 604(f) does not require this court to rule on the sufficiency of the evidence presented at trial. *Smith*, 338 Ill. App. 3d at 256-57 (citing *People v. Hobbs*, 301 Ill. App. 3d 581, 589 (1998)).

¶ 9    Next, defendant maintains that the trial court erred by denying his motion to dismiss his DUI charge based on double jeopardy. Defendant contends that the prohibition against double jeopardy bars a retrial because the State's evidence was insufficient to prove his guilt beyond a reasonable doubt of DUI. The State responds that, regardless of the sufficiency of the evidence at the first trial, a retrial is permissible because defendant's jeopardy never terminated. We agree with the State.

¶ 10    The parties disagree regarding which standard of review should apply to our review of the court's denial of defendant's motion to dismiss his DUI charge based on double jeopardy. Defendant argues for an abuse of discretion standard of review; the State argues for *de novo* review. Where, as here, neither the facts nor witnesses' credibility are at issue, we review *de novo* a trial court's ruling on a motion to dismiss charges on double jeopardy grounds. See *People v. Ventsias*, 2014 IL App (3d) 130275, ¶ 10; see also *People v. Gaines*, 2020 IL 125165, ¶ 24 (the court reviewed *de novo* the defendant's claim regarding whether double jeopardy barred a retrial, stating that it presented a question of law).

¶ 11    Defendant cites *People v. Campos*, 349 Ill. App. 3d 172 (2004), to support his argument. In *Campos*, we held that abuse of discretion was the proper standard for reviewing the trial court's denial of the defendant's motion to dismiss the charges against him on the ground that the State intentionally provoked a mistrial. *Id.* at 175. In so holding, we acknowledged that "generally, ***

review is *de novo* when a constitutional right is at stake." *Id.* at 174. We explained, however, that when determining whether the prosecution provoked a mistrial, the key issue was the prosecutor's intent, and the trial court was in the best position to assess the prosecutor's credibility. *Id.* at 175. Accordingly, we held that we would not overturn the trial court's factual findings unless they were against the manifest weight of the evidence. *Id.* Here, for reasons explained below, we need not reach defendant's argument regarding the sufficiency of the evidence. Therefore, we need not review the trial court's factual findings or findings regarding intent and credibility. Thus, *Campos* is distinguishable, and our review is *de novo*.

¶ 12    "The double jeopardy clause of the fifth amendment to the United States Constitution, made applicable to the states through the fourteenth amendment, provides that no persons shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' " *People v. Bellmyer*, 199 Ill. 2d 529, 536-37 (2002) (quoting U.S. Const., amend. V); see also Ill. Const. 1970, art. I, § 10; 720 ILCS 5/3-4(a) (West 2016) (ensuring the same protection). The double jeopardy clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Gaines*, 2020 IL 125165, ¶ 22.

¶ 13    However, this protection is triggered only if an event, such as an acquittal, terminates the original jeopardy. *Richardson v. United States*, 468 U.S. 317, 325-26 (1984); *Smith*, 338 Ill. App. 3d at 255. Thus, defendant cannot prevail on his claim unless his original jeopardy terminated, which it did not. See *People v. Cordero*, 2012 IL App (2d) 101113, ¶ 3.

¶ 14    The reasoning in *Cordero* and *Richardson* controls this case. In *Cordero*, the defendant moved for either a judgment of acquittal or a new trial. *Id.* ¶ 1. The trial court denied an acquittal but granted the defendant a new trial on the ground that certain evidence had been improperly

excluded. *Id.* The defendant then moved to dismiss the charges based on double jeopardy. *Id.* The trial court denied the motion. *Id.* Before the defendant's second trial, he appealed pursuant to Rule 604(f). *Id.* We affirmed, holding that although the trial court granted the defendant a new trial based on trial error, there was never an event, such as an acquittal, that terminated the defendant's original jeopardy. *Id.* ¶ 4. We explained:

> "Defendant was convicted. The trial court then denied his request for a judgment of acquittal, but, finding reversible error from the exclusion of certain evidence, granted him a new trial. Retrying defendant could not subject him to double jeopardy, because nothing has terminated his original jeopardy. Thus, double jeopardy does not bar a retrial, regardless of the sufficiency (or insufficiency) of the evidence at the original trial." *Id.*

In contrast to a Rule 604(f) interlocutory appeal, on direct appeal, when a reviewing court reverses a criminal conviction and remands the case for a new trial, the reviewing court must decide whether the evidence was sufficient, or double jeopardy will bar a retrial. *Id.* ¶ 6. "The State cannot retry a defendant once it has been determined that the evidence introduced at trial was insufficient to sustain a conviction." *People v. Lopez*, 229 Ill. 2d 322, 367 (2008).

¶ 15    In reaching our conclusion in *Cordero*, we relied on *Richardson*, 468 U.S. 317. See *Cordero*, 2012 IL App (2d) 101113, ¶¶ 5-7. Although *Richardson* involved a retrial after a hung jury (*Richardson*, 468 U.S. at 318) as opposed to a conviction reversed for trial error, we stated that there was "no reason why a defendant who was found guilty beyond a reasonable doubt should enjoy greater protection than one whose jury could not reach a verdict either way." *Cordero*, 2012 IL App (2d) 101113, ¶ 7.

¶ 16    In *Richardson*, a jury acquitted the defendant of one of the three counts; the district court declared a mistrial on the other two counts and ordered a new trial on those counts. *Richardson*,

468 U.S. at 318. The defendant, based on double jeopardy, moved to dismiss the charges. *Id.* The district court denied the motion to dismiss, and the court of appeals dismissed the defendant's appeal for lack of jurisdiction. *Id.*

¶ 17 The United States Supreme Court reversed the court of appeals and held that the district court was correct in denying the defendant's motion to bar retrial. *Id.* at 326. In his appeal to the Supreme Court, the defendant argued that a second trial after a mistrial would violate the double jeopardy clause of the fifth amendment because the evidence presented by the government on the remaining counts was insufficient to convict him. *Id.* at 322-23. The Supreme Court rejected this argument, explaining that a mistrial was not an event terminating jeopardy, so "[r]egardless of the sufficiency of the evidence at [the defendant's] first trial, he ha[d] no valid double jeopardy claim to prevent his retrial." *Id.* at 326.

¶ 18 Here, as in *Cordero* and *Richardson*, following defendant's conviction, he moved for either a judgment of acquittal or a new trial. The court denied the request for an acquittal but granted a new trial. Thus, as in *Cordero* and *Richardson*, there was no event terminating the original jeopardy. Further, a retrial is not prohibited regardless of the sufficiency of the evidence at the first trial. See *Cordero*, 2012 IL App (2d) 101113, ¶ 4.

¶ 19 Defendant argues that, before the State can subject him to a second trial, he is entitled to a review of the sufficiency of the evidence. Defendant cites *Burks v. United States*, 437 U.S. 1 (1978), to support his argument. We note that the defendant in *Richardson* also relied on *Burks* to support the same argument. See *Richardson*, 468 U.S. at 322-23. But, the Supreme Court rejected the defendant's argument. The Court explained that *Burks* held that, when a defendant obtains an appellate court ruling that the Government failed to introduce sufficient evidence to convict him at trial, a second trial is barred by the Double Jeopardy Clause. *Id.* at 323 (citing *Burks*, 437 U.S.

at 18). However, the Court stated, "Where, as here, there has been only a mistrial resulting from a hung jury, *Burks* simply does not require that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the Double Jeopardy Clause." *Id.* (citing *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308-10 (1984)). *Burks*, therefore, does not require us to rule on the sufficiency of the evidence here.

¶ 20    Defendant notes that the trial court granted him a new trial because it did not obtain a valid jury waiver. But defendant offers, and we recognize, no meaningful distinction between granting a new trial based on a mistrial or trial error and granting a new trial based on the lack of a jury waiver. See *Cordero*, 2012 IL (2d) 101113, ¶¶ 7-10. Accordingly, we conclude that defendant's first-trial jeopardy never terminated. Therefore, the trial court did not err by denying defendant's motion to dismiss the DUI charge on double jeopardy grounds.

¶ 21    Additionally, when a defendant successfully has a conviction set aside and obtains a new trial based on a defect other than the sufficiency of the evidence, the conviction is nullified. Thus, the defendant is not exposed to double jeopardy if he is retried. *People v. Crutchfield*, 353 Ill. App. 3d 1014, 1025 (2004) (citing *North Carolina v. Pearce*, 395 U.S. 711, 721 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)).

¶ 22    An exception lies where the reviewing court, exercising its duty to review the sufficiency of the evidence after reversing a defendant's conviction *and before* remanding for a new trial, determines that the evidence cannot sustain the conviction. See *People v. Taylor*, 76 Ill. 2d 289, 309 (1979) ("When an appellate court reverses a criminal conviction and remands the case for a new trial without deciding defendant's contention that the evidence at the first trial was insufficient, we believe that the court risks subjecting the defendant to double jeopardy.") Here, we have not reversed defendant's conviction; it was set aside below after defendant sought a new

trial. When the trial court granted defendant's request for reasons other than the evidence's sufficiency, it nullified defendant's conviction. Accordingly, double jeopardy did not bar retrial. Thus, despite defendant's insistence, any alleged insufficiency of evidence at the first trial does not bar a retrial. See *Cordero*, 2012 IL App (2d) 101113, ¶ 4.

¶ 23                                    III. CONCLUSION

¶ 24     We affirm the judgment of the circuit court of Kane County.

¶ 25     Affirmed.

---

**No. 2-20-0358**

---

| | |
|---|---|
| **Cite as:** | *People v. Kotlarchik*, 2022 IL App (2d) 200358 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 17-CF-1821; the Hon. Donald M. Tegeler Jr., Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Donald J. Ramsell, of Ramsell & Associates, LLC, of Wheaton, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Jamie L. Mosser, State's Attorney, of St. Charles (Patrick Delfino, Edward R. Psenicka, and Barry W. Jacobs, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---