2024 IL App (1st) 231854-U

No. 1-23-1854

Order filed March 11, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 12250 |
| | ) | |
| ANTWOINE SMITH, | ) | Honorable |
| | ) | Steven Jay Rosenblum, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Coghlan concurred in the judgment.

**ORDER**

¶ 1  *Held*:  Appeal dismissed for lack of jurisdiction where defendant filed a notice of appeal that was procedurally barred as to his 2022 guilty plea and attempted to challenge a subsequent court ruling that was not a final and appealable order.

¶ 2  On October 6, 2023, defendant Antwoine Smith filed a *pro se* notice of appeal asking this court to reverse the trial court's judgments entered April 14, 2022, and September 14, 2023. We dismiss this appeal for lack of jurisdiction because defendant's attempt to challenge his guilty plea entered April 14, 2022, is procedurally barred where he did not file a timely motion to withdraw

his guilty plea as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). In addition, the trial court's ruling on September 14, 2023, was not a final and appealable order.

¶ 3    Defendant was charged with two counts of aggravated domestic battery and one count of aggravated battery for grabbing his girlfriend, the mother of his two children, by the neck and pushing her face into the steering wheel of the vehicle in which they were seated.

¶ 4    On April 14, 2022, defendant entered a fully negotiated guilty plea to an amended charge of Class A misdemeanor domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)) in exchange for a sentence of 18 months' probation. Defendant was ordered to complete counseling for domestic violence and anger management and required to comply with an order of protection. Defendant was also ordered to pay $454 in court costs, fines, and fees, and additional probation fees to the Adult Probation Department. The trial court advised defendant of his appeal rights, including the requirement to file a motion to withdraw his guilty plea within 30 days before he could appeal.

¶ 5    There is no indication in the record that defendant ever filed a motion to withdraw his guilty plea.

¶ 6    On July 18 and August 15, 2023, defendant filed two nearly identical *pro se* "notices" with the clerk of the circuit court of Cook County, Iris Martinez. Both documents were entitled "Notice Of Express Trust, Suretyship, Subrogation, & Interest." Defendant stated that at the time of his plea agreement, he was "a ward of the state" under the direction of his trial counsel and was unaware that he was the "implied surety" for the agreement. Defendant told Martinez that as "Surety," he was "tendering a Special Deposit for the sum of all charges and appointing you as trustee." The majority of defendant's notices are nonsensical but appear to be instructing Martinez to take financial action regarding the costs and fees he was assessed as part of his plea agreement.

¶ 7     On September 14, 2023, defendant appeared in court. An unnamed probation officer told the court that the State was seeking leave to file a petition for violation of probation because defendant never paid the $454 he owed in court costs and fees, nor the $900 he owed in probation fees. Defendant had complied with all the other conditions of his probation. The trial court inquired whether defendant had the resources to pay the fees. Defendant was evasive with his answers but stated he was "working" and made "a pretty reasonable amount." The court found defendant had the resources to pay but had chosen not to do so.

¶ 8     Defendant claimed he paid the amounts owed when he "tendered a special deposit to the courts" and Martinez. He presented copies of the two notices he had sent to Martinez as his "receipts" of his "special deposit."

¶ 9     The court told defendant that he could either pay his court costs and probation fees, or it would "sign" the violation of probation.[1] Defendant stated he could make the payment that day. The court allowed defendant to go to the clerk's office to make the payment and return to the courtroom.

¶ 10    When the case was recalled, defendant informed the court that he had made a $50 payment and could not pay the full amount that day. Defendant stated that the clerk's office advised him that he had to pay the full balance due by October 13, 2023, and that he would do so. The court told defendant to ensure that he paid the full balance due for his court costs and fees by October 13. The court stated that defendant could arrange payment for his probation fees with the probation department. The court continued the case to October 12, 2023, for payment of the court costs.

---

[1] The court granted the State leave to file the violation of probation, but the record does not reflect that one was filed.

¶ 11    On October 6, 2023, defendant filed a *pro se* notice of appeal indicating he was appealing the judgments entered on April 14, 2022, and September 14, 2023. The Office of the State Appellate Defender was appointed to represent defendant on appeal. On November 21, 2023, this court granted appellate counsel's motion to withdraw which indicated that defendant wanted to represent himself on appeal.

¶ 12    On appeal, defendant filed a *pro se* brief that he characterized as a "Bill in Equity" against Martinez. Defendant states that he is filing a complaint against Martinez because she "is in breach of trust" and "has ignored her fiduciary duties." Defendant refers to his plea agreement and states that he wants to stop the State "from executing the power within their presumed security interests to collect, prosecute, and/or arrest my Person/property."

¶ 13    The State notified this court that it elected not to file an appellee's brief in this case.

¶ 14    Initially, we observe that defendant has failed to comply with the requirements for appellate briefs delineated in Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Most notably, defendant has failed to provide this court with a clear issue for review, a statement of jurisdiction, a statement of facts, a cohesive legal argument, or citation to any legal authority. Defendant's appeal could be dismissed on this basis alone. *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶¶ 36-37.

¶ 15    In addition, we note that defendant attached several documents to his brief that are not included in the record on appeal. We are precluded from considering the information contained in these documents as they are not properly before this court and cannot be used to supplement the record. *People v. Garcia*, 2017 IL App (1st) 133398, ¶ 35.

¶ 16    This court does not have jurisdiction to consider an appeal challenging defendant's guilty plea entered April 14, 2022. Pursuant to Supreme Court Rule 604(d) (eff. July 1, 2017), before a defendant may appeal a judgment entered upon a negotiated guilty plea, the defendant must first file a written motion to withdraw the guilty plea with the trial court within 30 days of the date the court imposed sentence. *People v. Flowers*, 208 Ill. 2d 291, 300 (2003). Filing of a Rule 604(d) motion is a "condition precedent to an appeal from a judgment on a plea of guilty." *Id.* at 300-01. However, a defendant may be excused from failing to comply with Rule 604(d) if a trial court did not give proper admonishments under Supreme Court Rule 605(c) (eff. Oct. 1, 2001) regarding the steps necessary to preserve the right to appeal following a negotiated guilty plea. *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 17.

¶ 17    Here, defendant did not file a motion to withdraw his guilty plea within 30 days of the date the trial court imposed its sentence. The record shows that the trial court complied with Rule 605(c) as it properly admonished defendant of his right to appeal and the requirement to file a written motion to withdraw his plea within 30 days. Consequently, defendant's failure to file a postplea motion as required by Rule 604(d) is not excused. We, therefore, do not have authority to consider the merits of defendant's appeal challenging his guilty plea and must dismiss the appeal as to that judgment. *Flowers*, 208 Ill. 2d at 301-02.

¶ 18    Nor does this court have jurisdiction to consider an appeal from the September 14, 2023, court date as the trial court did not enter a final order on that date. The appellate court does not have jurisdiction to review a judgment, order, or decree that is not final. Ill. Const. 1970, art. VI, § 6; *People v. Kotlarchik*, 2022 IL App (2d) 200358, ¶ 7. Here, the record shows that on September 14, the trial court considered allowing the State to file a violation of probation against defendant.

However, defendant then made a $50 payment and stated that he would pay the full amount due for his court costs and fees by October 13. The trial court continued the case to October 12 for defendant to pay his balance due. Hence, there was no final judgment for defendant to appeal. In fact, there was no judgment at all.

¶ 19   For these reasons, we conclude that this court lacks jurisdiction to consider the merits of defendant's appeal and must dismiss the appeal.

¶ 20   Appeal dismissed.