2024 IL App (1st) 230939-U

No. 1-23-0939

Order filed October 11, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* ESTATE OF ALEX KAGANOVICH, Alleged Person with a Disability (Alex Kaganovich, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Appellant, | ) ) ) | Nos.   21 P 5803        21 P 5813 |
| v. | ) ) | |
| The Office of the Cook County Public Guardian, | ) ) ) | Honorable Stephanie K. Miller, |
| Appellee). | ) | Judge, presiding. |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appeal is dismissed for lack of jurisdiction where the judgment identified in the notice of appeal is not final and appealable and a challenge to a judgment or judgments entered after the filing of the notice of appeal would be premature.

¶ 2    Appellant Alex Kaganovich appeals *pro se* from an order of the circuit court granting a continuance. For the following reasons, we must dismiss the appeal.

¶ 3    The record on appeal, which includes no transcripts of proceedings, reflects that in 2016 Kaganovich underwent stem cell transplant surgery and chemotherapy for a brain tumor. Post-treatment, he suffered a serious decline in cognition and an increase in erratic behavior. Two petitions for appointment of guardian of a person with a disability were filed in probate court. One was filed by Evanston Hospital on August 12, 2021, and assigned case No. 21 P 5813. A second was filed by the Office of the Cook County Public Guardian (Public Guardian) on August 13, 2021, and assigned case No. 21 P 5803.

¶ 4    On August 16, 2021, the Public Guardian filed a petition for temporary guardianship of Kaganovich in case No. 21 P 5803. The court granted the petition on August 19, 2021. On September 28, 2021, the court granted Evanston Hospital leave to withdraw its petition in case No. 21 P 5813 "in light of the duplicate filing by the Cook County Public Guardian's Office." On October 18, 2021, the court entered an order transferring case No. 21 P 5813 to the courtroom hearing case No. 21 P 5803. The court consolidated the cases in November 2023.

¶ 5    On October 18, 2021, Kaganovich appeared in court on the Public Guardian's petition for appointment of a guardian. Also present were the Public Guardian, a court-appointed guardian *ad litem* for Kaganovich, and an attorney for Kaganovich. Following the hearing, the court entered an agreed order appointing the Public Guardian as the limited guardian of Kaganovich's person and estate. The order set forth, *inter alia*, the Public Guardian's responsibilities in its role as limited guardian. The order recited that the factual bases for the court's findings that Kaganovich was unable to contract or convey title to real estate included an August 2021 medical report wherein Namantha R. Reddy, M.D., opined that Kaganovich "has declined in executive functioning and

cognitive skills, and that he requires 'total guardianship' due to lack of insight and poor short term memory."

¶ 6    Over the course of the next year, the Public Guardian filed an inventory of Kaganovich's assets, and the court authorized the Public Guardian to, among other things, clean out Kaganovich's house, dispose of the goods and chattels therein, sell his car and house, and drill his safe deposit box.

¶ 7    At some point in 2022, Kaganovich filed a request for restoration, which is not included in the record on appeal. The case was continued "for status on the request for restoration" numerous times in 2022 and 2023. One of the continuance orders noted that the parties were continuing to work in good faith towards a new limited order acknowledging Kaganovich's improved mental state.

¶ 8    On February 14, 2023, Kaganovich filed a *pro se* motion for "termination of public guardianship," stating the motion was "based on neurological neuropsychological evaluation by Dr. Kelly Kearns, Psy.D. stating my ability for independent legal, financial, and medical decision making at this time." Kaganovich attached a five-page neuropsychological evaluation prepared by Dr. Kearns in January 2023, in which she concluded that he "appears to demonstrate full capacity for independent legal, financial, and medical decision making at this time." On April 5, 2023, Kaganovich filed a *pro se* motion for "removal of public guardianship based on improved medical condition," again attaching Dr. Kearns's evaluation.

¶ 9    On May 8, 2023, the court entered the order that is the subject of this appeal. The order is titled "Continuance Order" and recites as follows:

"This cause coming to be heard before this Honorable Court on Alex Kaganovich's Request for Restoration, Todd Kooperman appearing on behalf of the Public Guardian, [Kaganovich's attorney] not having received notice and not immediately available, Alex Kaganovich being present, the Court having jurisdiction and being advised in the premises;

It is hereby ordered that: This matter is continued to May 15, 2023 at 11:00 AM via Zoom Hearing for Status on Alex Kaganovich's request for restoration."

¶ 10    On May 15, 2023, the court entered an order reflecting that a status hearing was held via Zoom. In the order, the court allowed Kaganovich's attorney to withdraw, stated that Kaganovich "shall obtain counsel of his choice" for the next court appearance or the court would appoint counsel for him, ordered Kaganovich to appear at the next hearing "or his motion for restoration will be stricken," and continued the matter to June 16, 2023.

¶ 11    On May 23, 2023, Kaganovich filed a *pro se* notice of appeal, identifying the May 8, 2023, continuance order as the order being appealed. As relief, Kaganovich stated that he sought to have the court's judgment changed to say that public guardianship "is being removed based on new medical evidence." He attached Dr. Kearns's evaluation and served the circuit court judge, but not the Public Guardian.

¶ 12    On March 26, 2024, prior to filing his opening brief, Kaganovich filed a *pro se* motion "for extension" in this court. The motion states, in its entirety, as follows: "Removal of public guardianship based on neuropsychological evaluation of Dr. Kelly Kearns, Psy.D. stating my full capacity to perform all civil functions including personal finance independently." Kaganovich attached Dr. Kearns's psychological evaluation to his motion. We ordered the motion taken with the case and granted the Public Guardian leave to respond to the motion in its brief.

¶ 13    On appeal, Kaganovich argues that, during an unspecified hearing on removal of public guardianship, the court improperly disregarded Dr. Kearns's report establishing he had full capacity for independent decision making. However, Kaganovich does not identify the court order(s) he is challenging on appeal. The only order Kaganovich has identified in this appeal is the May 8, 2023, continuance order.  The Public Guardian contends that we must dismiss the appeal for lack of jurisdiction because there is no final and appealable order. We agree.

¶ 14    In general, reviewing courts do not have jurisdiction to review judgments, orders, or decrees that are not final. Ill. Const. 1970, art. VI, § 6; *People v. Kotlarchik*, 2022 IL App (2d) 200358, ¶ 7. An order is final and appealable if it disposes of the merits of a case and determines the rights of the parties. *Burton v. Autumn Grain Transport, Inc.*, 222 Ill. App. 3d 755, 756 (1991).

¶ 15    Here, according to his notice of appeal, Kaganovich is appealing from the court's May 8, 2023, continuance order. See *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (a "notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal"); Ill S. Ct. R. 303(b)(2) (eff. July 1, 2017) (in civil cases, a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court").

¶ 16    The granting of a continuance is not a final and appealable order because it does not finally determine the rights or status of any party and leaves open further determinations by the court. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 882 (2010). Moreover, the granting of a continuance is not an interlocutory order appealable as of right under Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017) or by permission under Illinois Supreme Court Rule 306(a) (eff. Oct. 1, 2020). As such, we lack jurisdiction to review the circuit court's order of

May 8, 2023, and, therefore, must dismiss the appeal. See *In re M.R.*, 305 Ill. App. 3d 1083, 1087 (1999) (finding dismissal was required because the denial of a motion for a continuance was not a final and appealable order and was not an order for which supreme court rules provide an interlocutory appeal).

¶ 17     We are mindful that in his opening and reply briefs, Kaganovich does not direct his arguments against the continuance order. In fact, he does not cite to any order of the circuit court. However, what he appears to be challenging is one or more judgments that were entered *after* he filed his notice of appeal on May 23, 2023. His opening brief consists mainly of a statement of facts in which he relates that he is completely recovered from non-Hodgkin's lymphoma and is capable to perform all his civil abilities independently, including personal finance. In the "points and authorities" section of his brief, he asserts that the court made a mistake by ignoring Dr. Kearns's evaluation. In his reply brief, he specifies that "during the hearing in her courtroom *** regarding the removal from m[y] public guardianship," the trial court "completely ignored" Dr. Kearns's evaluation "though she had ample time to familiarize herself with it."

¶ 18     The record does not include any judgments entered prior to the date Kaganovich filed his notice of appeal in which the circuit court addressed the merits of his motions seeking removal and termination of guardianship based on Dr. Kearns's evaluation. As such, Kaganovich's notice of appeal—if he intended it to be directed against such a judgment or judgments—was premature. A premature notice of appeal does not confer jurisdiction on this court. *In re Detention of King*, 2016 IL App (1st) 150041, ¶ 15. Moreover, when a notice of appeal is filed prematurely, subsequent disposition of relevant matters in the circuit court does not cure the jurisdictional defect. See, *e.g.*, *In re Marriage of Tomei*, 253 Ill. App. 3d 663, 666-67 (1993) (finding that the

appellate court lacked jurisdiction when the pending fee petition was dismissed after a premature notice of appeal was filed); *In re Marriage of Merrick*, 183 Ill. App. 3d 843, 845 (1989) (same when pending matters were later resolved in the circuit court).

¶ 19     Finally, we address Kaganovich's March 26, 2024, "motion for extension," which we ordered taken with the case. In the motion, Kaganovich seeks "removal of public guardianship" based on Dr. Kearns's evaluation. Sections 11a-19, 11a-20, and 11a-21 of the Probate Act of 1975 set forth the procedure for, among other things, revocation or modification of a guardianship order. 755 ILCS 5/11a-19 to 21 (West 2022). In short, the process takes place in the circuit court, not the appellate court. See *id.* As such, we deny Kaganovich's motion.

¶ 20     For the reasons explained above, we dismiss the appeal for lack of jurisdiction and deny the "motion for extension" taken with the case.

¶ 21     Dismissed; motion denied.